Progress Printing Company

v.

William H. Nichols

Record No. 911648

September 18, 1992

Present: All the Justices

*Paul J. Feinman (Norman A. Kinnier; Roy L. Steinheimer; Fralin, Freeman & Kinnier*, on briefs), for appellant.
*Alexander W. Bell* for appellee.

JUSTICE LACY delivered the opinion of the Court.

In this employment termination dispute, the primary issue is whether the employment was at will or subject to an employment contract which prohibited termination without just cause and required a written warning prior to termination.

On January 20, 1987, William H. Nichols began to work as a pressman for Progress Printing Company, Inc. The personnel director provided Nichols with a copy of the company's Employees' Handbook. The Handbook section entitled "Discipline and Discharge" stated that the company would not discharge or suspend an employee "without just cause and shall give at least one warning notice . . . in writing" except under certain circumstances. On February 2, 1987, the personnel director gave Nichols a form which stated that the employment relationship between Progress Printing and Nichols was "*at will and may be terminated by either party at any time*" (emphasis in original). Nichols and the personnel director both signed the form.

Nichols worked for Progress Printing for approximately two years, and, although he suffered from hypertension, he apparently performed his work satisfactorily. On March 8, 1989, however, Nichols became upset over the company's failure to correct a recurring defect in a print job, and he refused to complete that job assignment as directed by his supervisor. The following day at a meeting with the plant shift leader and the plant manager, Nichols was terminated. Nichols did not receive a written warning prior to his discharge.

Nichols filed a bill of complaint alleging, *inter alia*, that Progress Printing terminated him because of his hypertensive condition in violation of the Virginians with Disabilities Act, Code §§ 51.5-1 -.5-52, and that Progress Printing breached his employment contract because it terminated him without good cause and without any prior written warning as set out in the Employees' Handbook.

Following an *ore tenus* hearing, the trial court held that Progress Printing terminated Nichols for his "bad attitude," not solely as a consequence of his hypertension and, therefore, Progress Printing did not violate the Virginians with Disabilities Act. The court also

held that the contract of employment between Progress Printing and Nichols consisted of both the Handbook and the February 2 acknowledgment form. The court read the two documents together and held that the reference to at will employment contained in the acknowledgment form concerned only the 30-day probationary period. Therefore, the court found that, under the terms of the Handbook, Progress Printing was required to give Nichols a written warning prior to termination and could dismiss him only for cause. Consequently, the trial court held that Progress Printing had breached the employment contract and awarded Nichols $9,500 in damages. Progress Printing filed an appeal from this judgment and Nichols assigned cross-error to the trial court's finding that Progress Printing did not violate the Virginians with Disabilities Act.

Central to the disposition of Progress Printing's appeal is a determination of the nature of the employment relationship which existed between Nichols and Progress Printing. In Virginia, as in a majority of jurisdictions, the employment relationship is presumed to be ''at will,'' which means that the employment term extends for an indefinite period and may be terminated for any reason upon reasonable notice.[1] *Miller* v. *SEVAMP, Inc.*, 234 Va. 462, 465, 362 S.E.2d 915, 916-17 (1987); *Stonega Coal and Coke Co.* v. *Louisville and Nashville R.R. Co.*, 106 Va. 223, 55 S.E. 551 (1906). This presumption may be rebutted, however, if sufficient evidence is produced to show that the employment is for a definite, rather than an indefinite, term. *Norfolk Southern Ry. Co.* v. *Harris*, 190 Va. 966, 976, 59 S.E.2d 110, 114 (1950).

Progress Printing argues that Nichols failed to rebut the presumption of employment at will because the Handbook did not constitute an enforceable employment contract and, even if it did, the subsequent execution of the acknowledgment form created an at will employment relationship.

Many of the provisions customarily included in an employee handbook are consistent with an at will employment relationship such as policies regarding vacations, severance pay, or employee grievance procedures. Donald W. Brodie, *Individual Contracts of Employment (Part 1)*, 39 Lab. L. J. 585, 591 (1988). Normally, the employer retains the right to alter these policies at any time,

---

[1] There are exceptions to the employer's right to terminate without cause based on public policy and statutory grounds which are not relevant here. *See e.g., Bowman* v. *State Bank of Keysville*, 229 Va. 534, 539-40, 331 S.E.2d 797, 801 (1985); Code §§ 2.1-714 -725; Code § 40.1-51.2:1.

although rights which have already vested in the employee are enforceable for the period of time during which those rights existed. *Hercules Powder Co.* v. *Brookfield*, 189 Va. 531, 543, 53 S.E.2d 804, 809 (1949); *White* v. *Federal Express Corp.*, 729 F.Supp. 1536, 1548-49 (E.D. Va. 1990).

While employee handbooks generally do not have the characteristics of bilateral contractual documents, a number of jurisdictions have held that the employer can be bound by termination for cause provisions contained in employee handbooks where those provisions are communicated to the employee in a sufficiently specific manner. 1 Henry J. Perritt, Jr., *Employee Dismissal Law & Practice* § 4.13 at 283-87 (3d ed. 1992); Davis S. Hames, *The Current Status of the Doctrine of Employment-At-Will*, 39 Lab. L. J. 19, 24-26 (1988); Carol D. Rasnic, *The Employment-At-Will Rule in Virginia: Miller* v. *SEVAMP, Inc.*, 14 Va. B. Ass'n J., 13, 13-15 (1988). We have not adopted that standard.[2]

■ We have held that an employment condition which allows termination only for cause sets a definite term for the duration of the employment. *Harris*, 190 Va. at 976, 59 S.E.2d at 114-15. However, the employment term created by a termination for cause condition, while definite, is not one capable of being performed within one year. *Falls* v. *Virginia State Bar*, 240 Va. 416, 418-19, 397 S.E.2d 671, 672 (1990). Therefore, a termination for cause provision used to overcome the presumption of employment at will must be in an employee manual or other document which complies with the statute of frauds.

■ Assuming, without deciding, that the Handbook containing the termination for cause provision satisfies the statute of frauds in this case, we nevertheless agree with Progress Printing that the acknowledgment form, executed by both parties on February 2, 1987, specifically superseded and replaced that provision with the agreement that the employment relationship was at will. We base this holding on a number of grounds.

■ First, we reject the trial court's finding that the acknowledgment form incorporated all of the provisions of the Handbook and that it limited the employment at will language to the probationary employment status defined in the Handbook. The acknowledgment form states:

---

[2] *See* Robert B. Fitzpatrick, The Law of Wrongful Discharge in Virginia, 10 Geo. Mason U. L. Rev. 133, 152-53 (1987).

> I have received a copy of the Progress Printing Employee Handbook. I recognize that an uderstanding [sic] of this information is important to a successful relationship between Progress Printing and myself. I agree to follow the procedures and guidelines it contains. Any questions concerning Progress Printing's policies will be directed to the Personnel Director.
>
> The employment relationship between Progress Printing and the employee is *at will and may be terminated by either party at any time.*
>
> A copy of this will be given to you and a copy will be maintained in your personnel file.

The plain language of this form does not incorporate the provisions of the Handbook; it only acknowledges its receipt by Nichols and sets forth his promise to abide by the provisions of the Handbook. Second, the "at will" language does not refer to, and is in no way limited to, the 30-day probationary period. Nor is any such reference or limitation found in the Handbook.

The Handbook divides employment status into four categories: probationary, regular, part-time, and temporary. The probationary status section contains no reference to procedures or reasons for termination and only describes the probationary period as a 30-day period during which the employee is not entitled to any company benefits. Company benefits, set out in Section III of the Handbook, are insurance, profit-sharing, bonus program, financial aid, pay advances, holidays, vacations, and various types of leaves of absence. The discharge provisions, contained in the section entitled Rules, are applicable to "any employee" without reference to or distinction among the regular, probationary, temporary, or part-time employees as defined in the employment status section.

■ We conclude that the termination for cause language of the Handbook and the employment at will relationship agreed to in the subsequent acknowledgment form are in direct conflict and cannot be reconciled in any reasonable way. If the documents are considered a single contract, as the trial court considered them, this conflict, along with the conflicting testimony of the parties as to the nature of the employment relationship, fails to provide sufficient evidence to rebut the presumption of employment at will. *Miller,* 234 Va. at 466-67, 362 S.E.2d at 917-18.

■ The acknowledgment form was not a part of the Handbook and was executed 13 days after Nichols began to work for Progress

Printing. Under these circumstances, the acknowledgment form reflects an understanding between the parties separate from that contained in the Handbook. Execution of the acknowledgment form memorialized reciprocal commitments that satisfy the requisites of a contract — there was an offer of employment at will, allowing either side to terminate the relationship at any time; the employee continued service, which constituted the consideration; and the employee accepted by performance. ''[S]uch a promise amounts to an offer, which, if accepted by performance of the service fulfills the legal requirements of a contract.'' *Hercules Powder*, 189 Va. at 541, 53 S.E.2d at 808. The acknowledgment form also satisfied the statute of frauds requirement.

■ We conclude that the employment relationship between Nichols and Progress Printing was at will employment which, under the terms of the acknowledgment form, either party could terminate at any time. Therefore, Progress Printing did not breach the employment contract when it terminated Nichols, and we will reverse the judgment of the trial court and will enter judgment for Progress Printing on this issue.[3]

■ Finally we consider Nichols's claim that the trial court erred in failing to find that he was terminated because of his hypertension in violation of the Virginians with Disabilities Act. The Act is violated only if the termination was based *solely* on the disabling condition. Code § 51.5-41A. While the record supports a determination that Nichols's hypertension may have contributed to, or have been one of the reasons for, his termination, it clearly was not the only reason given and the trial court's factual finding that the termination was based on Nichols's ''bad attitude'' is supported by credible evidence in the record. Accordingly, we will not disturb the judgment of the trial court on this issue. *Ferrell* v. *Beddow*, 203 Va. 472, 476-77, 125 S.E.2d 196, 200 (1962).

For the reasons stated above the trial court's judgment will be affirmed in part, reversed in part, and final judgment will be entered for Progress Printing Company, Inc.

*Affirmed in part,*
*reversed in part,*
*and final judgment.*

---

[3] In light of this holding, we need not address Progress Printing's other assignments of error.