## CIRCUIT COURT OF NELSON COUNTY

John Richard Harvey

v.

Wintergreen Resorts, Inc.

February 19, 1993

Case No. (Law) 1935

BY JUDGE J. MICHAEL GAMBLE

This is a case brought by Plaintiff for damages arising from the termination of his employment with Wintergreen Resorts, Inc. Wintergreen has filed a Demurrer to the Motion for Judgment on the grounds that the Employee Handbook demonstrates that the Plaintiff's claims are without legal basis, that the Motion for Judgment fails to allege an enforceable contract, and that the claims of the Plaintiff are barred by the Statute of Frauds.

For purposes of this Demurrer, the matters set forth in the Motion for Judgment are accepted as true. In essence, the Motion for Judgment alleges that the Plaintiff was hired as a mechanic in 1986. It alleges that at the time of his hiring Wintergreen had an Employee Handbook. Under the allegations of the Motion for Judgment, the Plaintiff alleges that the handbook, signed by both the Chairman and President of Wintergreen, had a progressively increasing disciplinary policy if the Plaintiff is not terminated for one of the specified grounds for cause in the Employee Handbook. According to the Motion for Judgment, the Plaintiff worked until May 27, 1992, at which time he was discharged without prior notice or contemporaneous written notice. A letter of termination dated May 29, 1992, from Wintergreen stated that his discharge "resulted from the cumulative and negative effects of your uncooperative attitude."

The Plaintiff further alleges in his Motion for Judgment that he had committed none of the specific actions for which he could be terminated

for cause. Thus, according to the Plaintiff, under the Employee Handbook, he could only be terminated by following the progressively increasing disciplinary process set forth in the handbook and by giving advance notice of termination, neither of which was done.

The Plaintiff states in his Motion for Judgment he was not given a copy of the handbook at the time that he was hired but was made generally aware he could only be fired for cause, of the existence of a grievance procedure, and of the existence of a progressively increasing disciplinary policy. The Motion for Judgment stated that the Plaintiff was unable to satisfactorily resolve his employment status through the grievance procedure.

The Plaintiff claims damages for the breach of his alleged employment contract with Wintergreen which was created by virtue of the Employee Handbook.

The parties agreed that, for purposes of this Demurrer, the Court could consider the Wintergreen Employee Handbook (revised August, 1987) which is attached to the memorandum of the Plaintiff. The Court has marked this Exhibit A in the court file.

The handbook states that employment may be terminated by one of three means: resignation, release, or discharge. Page 17 of the handbook sets forth eleven grounds for immediate discharge.

At page 21 release is defined as "a separation initiated by Wintergreen other than for cause." The handbook further provides that employees will be given advance notice of such release.

Thus, the Plaintiff maintains that because he was not discharged for any of the eleven reasons set forth for an immediate discharge without notice, he should have been discharged with notice, and the progressive steps set forth under the discipline policy on pages 16 through 18 of the handbook should have been followed.

The Defendant points out that the handbook has the following statement on the last page:

> This handbook is intended to be used as a reference only. There may be occasions when Wintergreen Development, Inc., and/or Wintergreen Resorts, Inc., must change rules or policies or give current rules or policies a different interpretation than previously made. Wintergreen has the right to modify, change, depart from or delete any item in this book at any time at its discretion. Finally, the information contained in this booklet neither constitutes an employment agreement nor a contractual relationship

and does not guarantee employment for a specific period of time.

Wintergreen, of course, argues that the language set forth on the last page of the handbook prevents the handbook from being a contract of employment.

It is the law of Virginia that absent an employment contract for a definite term, employment may be terminated at the will of either party for any reason and without cause. There is a rebuttable presumption that the hiring is terminable at will. *Miller v. SEVAMP, Inc.*, 234 Va. 462, 465, 362 S.E.2d 915 (1987).

The Plaintiff asserts in paragraph six of the Motion for Judgment that he was made generally aware that he could be "fired" only for cause, of the existence of a grievance procedure, and the existence of a progressively increasing disciplinary policy. This oral representation alone, however, cannot constitute a contract because the Supreme Court of Virginia has held that an employment contract which allows termination only for cause is one that cannot be performed within one year and thus is unenforceable under § 11-2(7) of the Code of Virginia (1950), as amended, (Statute of Frauds). *Falls v. Va. State Bar*, 240 Va. 416, 418-419, 397 S.E.2d 671 (1990).

Next, it must be decided whether the Wintergreen Employee Handbook constitutes an employment contract. Even assuming that the handbook satisfies the provisions of the Statute of Frauds, under the facts alleged in this Motion for Judgment, it cannot constitute an employee contract. The provisions contained on the last page of the Employee Handbook, which the Plaintiff attaches to its memorandum in opposition to the Demurrer, contains a conspicuous statement that the booklet does not constitute an employment agreement and does not guarantee employment for a specific period of time. The type on this disclaimer is the same size as the type contained in other portions of the body of the Employee Handbook. This disclaimer obviously supersedes any other provisions in the Employee Handbook which could be construed as a contract of employment. *Progress Printing Co. v. Nichols*, 244 Va. 337, 421 S.E.2d 428, 430 (1992).

Accordingly, under the facts alleged in the Motion for Judgment, a cause of action has not been pleaded, and the Motion for Judgment must be dismissed on the Demurrer of the Defendant.