# CIRCUIT COURT OF THE CITY OF RICHMOND

Michael L. Puckett

v.

Iye, Inc.,
t/a In Your Ear Music
and Recording Services

July 23, 1996

Case No. LB-159-1

BY JUDGE MELVIN R. HUGHES, JR.

This case is presently before the court on defendant's Demurrer and Special Plea of the Statute of Frauds.

Plaintiff brings a motion for judgment alleging breach of an employment contract and fraud in the inducement concerning his hiring and later termination by the defendant, his former employer.

In a written offer of employment (attached to the motion for judgment as an exhibit), defendant offered plaintiff a position which he accepted in a written letter (also attached as an exhibit). Plaintiff alleges that the two letters, with a later "oral modification" comprise the parties "Agreement," creating an employment contract whereby he would be employed from December 14, 1994, to February 1, 1996, and be entitled to other benefits. Plaintiff alleges all of this was done "in exchange" for resigning a position he held at the time with another employer. He alleges he was terminated without cause on April 5, 1995, five months after he started, constituting a breach of contract. He alleges further that at the time the parties formed the contract, defendant knew financial instability and questionable authority to hire him were known to be present, amounting to a misrepresentation constituting fraud. This caused plaintiff to leave his former position where he enjoyed "career stability," to go over to defendant only to be terminated later.

Virginia follows the principle that, in employment contracts, if no fixed time is set, there is a presumption that the duration is at will. *Miller v. SEVAMP, Inc.*, 234 Va. 462 (1987). To rebut this presumption, there has to be a showing that the employment was for a definite term. *Progress Printing Co. v. Nichols*, 244 Va. 337 (1992).

The court decides that plaintiff's breach of contract claim fails, as defendant contends, due to the failure to allege the existence of a writing under the statute of frauds requirement that such contracts calling for performance not within one year be in writing. See Va. Code § 11-2. The pleadings do not allege that any writing embodying the essential term that performance of the employment contract would be accomplished for one year or more exists. See *Falls v. Virginia State Bar*, 240 Va. 416 (1990).

The fraud count fails as well due to the defendant's written offer of employment attached as an exhibit to the motion or judgment. Pertinent to fraud the letter says:

> We know your reputation, experience and knowledge and realize you should be paid accordingly, but as we discussed the growth cost associated with the new building and expansion is larger than expected. If all goes according to plan, I should be able to adjust your take home pay with additional bonus money until such time as a salary increase is possible.

This passage, by plaintiff's own pleading, puts plaintiff on notice that things were uncertain. This defeats an assertion of a misrepresentation and more importantly, reliance, to constitute a case a fraud.

For these reasons the demurrer and the Plea are both sustained. Plaintiff may plead over within ten days of the entry for an order carrying out this ruling, with any response due within ten days of receipt of any amended motion for judgment.