Present:  All the Justices

LUMBERMEN'S UNDERWRITING ALLIANCE

v. Record No.  982434  OPINION BY JUSTICE CYNTHIA D. KINSER
                                    September 17, 1999
DAVE'S CABINET, INC.

FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
E. Preston Grissom, Judge

This appeal arises out of litigation concerning a workers' compensation and employers' liability insurance policy issued to Dave's Cabinet, Inc., by Lumbermen's Underwriting Alliance (LUA).  LUA filed a motion for judgment against Dave's Cabinet in the circuit court and sought a judgment for an alleged balance due and owing for insurance premiums.  Dave's Cabinet answered the motion for judgment and also filed a counterclaim against LUA.

In the counterclaim, Dave's Cabinet asserted that LUA committed fraud by falsely representing that it could provide a savings in premium costs if Dave's Cabinet purchased its workers' compensation insurance coverage from LUA.  Dave's Cabinet further alleged that LUA knew, or should have known, that its policy of requiring Dave's Cabinet to report all workers' compensation claims, even those involving only minor injuries, would substantially increase the amount of premiums that Dave's Cabinet would pay for workers' compensation insurance coverage.

The motion for judgment and counterclaim proceeded to trial by jury. After hearing evidence, the jury returned a verdict in favor of LUA against Dave's Cabinet in the amount of $10,660. The jury also returned a verdict in favor of Dave's Cabinet on its counterclaim against LUA in the amount of $60,000. The circuit court entered judgment on both jury verdicts but reduced the amount of the judgment in favor of Dave's Cabinet to $42,000, which is the amount Dave's Cabinet had requested in the ad damnum clause of its counterclaim.

We awarded LUA this appeal on two issues.[1] LUA first asserts that the circuit court erred by refusing to set aside the jury verdict in favor of Dave's Cabinet because that verdict is inconsistent with the one in favor of LUA. Second, LUA contends that the circuit court erred by refusing to strike the evidence with regard to the counterclaim, and also in declining to set aside the verdict on that claim, because Dave's Cabinet failed to prove the elements of constructive fraud as a matter of law. Because we agree with LUA's second argument, we do not need to address the question whether the verdicts are

---

[1] Dave's Cabinet did not assign cross-error with regard to the judgment entered against it.

inconsistent.  Therefore, we will reverse, in part, the judgment of the circuit court.

FACTS

Dave's Cabinet, which is located in Chesapeake, manufactures kitchen cabinets and cabinet moldings, and also performs mill work.  The two owners of the company, David Alderman and David Boone, met a representative of LUA at an industry trade show.  As a result of that meeting, Rob Robertson, a district manager for LUA, and Keith Wright, a LUA claims adjuster, visited the office of Dave's Cabinet to discuss the terms of LUA's workers' compensation insurance policy.  At trial, Alderman testified that, during that meeting, Robertson stated that LUA worked exclusively with woodworking facilities and that LUA's knowledge of the industry would enable Dave's Cabinet to save money by implementing loss control procedures that would eventually reduce the amount of premiums that Dave's Cabinet would pay for workers' compensation insurance coverage.

LUA then sent a plant engineer to inspect the facility at Dave's Cabinet.  As a result of that inspection, LUA recommended changes in the manner in which Dave's Cabinet handled workers' compensation claims involving minor injuries.  As Alderman had explained to Robertson, Dave's

3

Cabinet had previously treated minor injuries "in-house" with appropriate first aid.  For example, the company's practice had been to remove splinters, clean and bandage small cuts, apply ice to mashed toes, wash sawdust out of eyes, and then allow employees with these injuries to return to work.  Dave's Cabinet sent only those employees who sustained more serious injuries to a doctor or hospital for treatment.  According to Alderman, Robertson stated that LUA wanted Dave's Cabinet to send all employees who suffered injuries at work to the hospital for treatment because of LUA's concerns about future liability and third-party verification.  In other words, Dave's Cabinet was advised to report all injuries, including "splinters, nicks, cuts, [and] mashed fingers," to LUA.  Wright likewise advised Alderman that Dave's Cabinet was required to file a claim even if a "Band-aid" would take care of an employee's injury.

Alderman, on behalf of Dave's Cabinet, entered into a "Subscriber Agreement" with LUA in May 1988.  The subsequent "Workers Compensation and Employers Liability Insurance Policy" that LUA issued to Dave's Cabinet required Dave's Cabinet to "[p]rovide for immediate medical and other services required by the workers compensation law" and to advise LUA "at once if injury occurs that may

4

be covered by this policy."  According to Alderman, Robertson conceded that this policy requirement "would cost . . . a little bit more money up front," but insisted that it would save Dave's Cabinet money in the long run.

However, Dave's Cabinet experienced the opposite result.  According to Alderman, LUA's requirement with regard to reporting and treating all workers' compensation claims did not effect a reduction in the amount of its premiums for workers' compensation insurance coverage.  Instead, it caused the company's "experience modification" to increase significantly.  That increase in the "experience mod" resulted in higher insurance premiums for Dave's Cabinet.

## ANALYSIS

### A. Standard of Review

The standard of appellate review applicable to this appeal is well settled.  As the party coming to this Court with a jury verdict that the circuit court approved, Dave's Cabinet "'occupies the most favored position known to the law.'"  Ravenwood Towers, Inc. v. Woodyard, 244 Va. 51, 57, 419 S.E.2d 627, 630 (1992) (quoting Pugsley v. Privette, 220 Va. 892, 901, 263 S.E.2d 69, 76 (1980)).  "A trial court's judgment is presumed to be correct, and on appeal, we must view the evidence and all reasonable inferences

deducible therefrom in the light most favorable to the prevailing party at trial."  Evaluation Research Corp. v. Alequin, 247 Va. 143, 147, 439 S.E.2d 387, 390 (1994). When applying this standard, an appellate court must, however, set aside a judgment if it is "plainly wrong or without evidence to support it."  Id. at 147-48, 439 S.E.2d at 390.

## B. Fraud Claim

In support of its claim for fraud, Dave's Cabinet contends that LUA made two misrepresentations upon which Dave's Cabinet relied to its detriment.  The first misrepresentation focused on the LUA policy requiring Dave's Cabinet to report all work-related injuries regardless of their severity and to send all employees with injuries to a hospital for medical care rather than treating employees with only minor injuries "in-house" with appropriate first aid.  The second misrepresentation concerned the statement by LUA, through its representative, that LUA's policy would eventually save Dave's Cabinet money by lowering the amount of its premiums for workers' compensation insurance coverage.  We conclude that neither

of these alleged misrepresentations can form the basis of an action for constructive fraud.[2]

The elements of a cause of action for constructive fraud are "a showing by clear and convincing evidence that a false representation of a material fact was made innocently or negligently, and the injured party was damaged as a result of his reliance upon the misrepresentation." Mortarino v. Consultant Eng'g Servs., 251 Va. 289, 295, 467 S.E.2d 778, 782 (1996). Robertson's and Wright's statements that LUA wanted Dave's Cabinet to report even minor work-related injuries and to have employees who sustained such injuries treated at a hospital were not misrepresentations of a material fact.[3] They were, instead, statements regarding LUA's policy requirement.

---

[2] Although the circuit court instructed the jury in this case with regard to both actual and constructive fraud, the court specifically overruled LUA's motion to set aside the verdict on the counterclaim, and entered judgment on that verdict, on the basis that the evidence supported a claim for constructive fraud. Dave's Cabinet did not assign cross-error to the court's failure to sustain the verdict in its favor on the grounds that the evidence also supported a claim for actual fraud. See Rule 5:17(c).

[3] The circuit court instructed the jury that Virginia law requires an employer to keep a record of all injuries occurring in the course of employment and that a report of injuries shall be made and transmitted to the Workers' Compensation Commission by the employer, its representative, or the insurance carrier for an insured employer. This instruction is a correct statement of the provisions contained in Code § 65.2-900(A).

Although Dave's Cabinet did not agree with the requirement since it constituted a departure from its prior practice and eventually resulted in higher premiums for its workers' compensation insurance coverage, LUA fully disclosed its required procedure for reporting and treating all workers' compensation claims, and Dave's Cabinet knew about and accepted that procedure when it purchased coverage from LUA. Consequently, Dave's Cabinet failed to prove an essential element of a claim for constructive fraud.

With regard to the second alleged misrepresentation, we recognize that Dave's Cabinet did not experience any reduction in the amount of its premiums for workers' compensation insurance but, in fact, incurred increased premiums. Nevertheless, Robertson's statement that LUA's policy requirement for reporting and treating all work-related injuries would eventually reduce the cost of workers' compensation insurance coverage for Dave's Cabinet was merely an unfulfilled promise as to a future event and not a statement concerning an existing or pre-existing fact. "'[F]raud must relate to a present or a pre-existing fact, and cannot ordinarily be predicated on unfulfilled promises or statements as to future events.'" Patrick v. Summers, 235 Va. 452, 454, 369 S.E.2d 162, 164 (1988) (quoting Soble v. Herman, 175 Va. 489, 500, 9 S.E.2d 459,

8

464 (1940)).  See ITT Hartford Group, Inc. v. Virginia Fin. Assoc., Inc., 258 Va. ___, ___, ___ S.E.2d ___, ___ (1999), decided today.  Thus, the statement cannot serve as the basis of a claim for fraud.

For these reasons, we will reverse the judgment of the circuit court with regard to the counterclaim filed by Dave's Cabinet and enter judgment here in favor of LUA on that counterclaim.

Reversed in part
and final judgment.