JUSTICE LACY,
with whom JUSTICE KINSER and JUSTICE LEMONS join, dissenting.
In this case, the trial court took under advisement the County’s motion to strike the employee’s evidence and submitted to the jury the issue of whether an at-will employment relationship existed between the employee and the County. Following a jury verdict in favor of the employee, the trial court denied the County’s motion to strike and entered judgment on the jury verdict. The County appeals, assigning error to the trial court’s refusal to grant its motion to strike the employee’s evidence.
In a case such as this, where the trial court has declined to strike the plaintiff’s evidence or to set aside a jury verdict, the standard of appellate review in Virginia requires this Court to consider whether the evidence presented, taken in the light most favorable to the plaintiff, was sufficient to support the jury verdict in favor of the plaintiff.* We have instructed trial judges that in ruling on a motion to strike the plaintiff’s evidence, the trial court is to accept as true all the evidence favorable to the plaintiff as well as any reasonable inferences a jury might draw therefrom that would sustain the plaintiff’s cause of action. The trial court is not to judge the weight and credibility of the evidence and may not reject any inference from the evidence favorable to the plaintiff unless it would defy logic and common sense. Austin v. Shoney’s, Inc., 254 Va. 134, 138, 486 S.E.2d 285, 287 (1997). Where, as here, the prevailing party comes before us with a jury verdict that has been approved by the trial court, he holds the most favorable position known to the law. Lumbermen’s Underwriting Alliance v. Dave’s Cabinet, Inc., 258 Va. 377, *77 380, 520 S.E.2d 362, 365 (1999); Smith v. Litten, 256 Va. 573, 578, 507 S.E.2d 77, 80 (1998). As we reiterated in Stanley v. Webber, 260 Va. 90, 95, 531 S.E.2d 311, 314 (2000), the trial court’s judgment is presumed to be correct, and we will not set it aside unless the judgment is plainly wrong or without evidence to support it. Code § 8.01-680. Because the majority neither adverts to nor applies these standards in this case, I dissent.
Section 8-5 of the personnel manual states that an employee “may be discharged for inefficiency, insubordination, misconduct, or other just cause.” Viewing this statement in the light most favorable to the plaintiff, the word “may” must be construed to mean, not that the employer is at liberty to discharge for causes other than “just cause,” but as allowing the employer to impose a penalty of less than discharge for any of those infractions although such infractions constitute grounds for termination. Section 8-5 also requires the employer to provide the employee with the reasons for termination, a condition that is inconsistent with employment at-will, which requires no reason for termination. Finally, § 8-7, “Causes for Suspension, Demotion, or Dismissal,” lists sixteen other specific acts which support a decision to terminate employment. Giving the provisions of the manual a reasonable construction and one favorable to the plaintiff compels the conclusion that the manual allows termination for no grounds other than those identified in §§ 8-5 and 8-7.
The majority, however, rejected this construction of the personnel manual, concluding that the manual did not remove the nature of the relationship from the province of employment at-will because it did not contain an affirmative statement either that “an employee shall only be discharged for” the listed offenses or other just cause or that the employee “will not be discharged without just cause.”
Read in the light most favorable to the employee, the personnel manual alone was sufficient to support the jury verdict. Nevertheless, the personnel manual was not the only evidence produced by the employee to support his contention that he could be terminated only for cause. The County Administrator, who is the chief personnel officer of the County, testified that when the employee was first terminated, the Administrator interpreted the personnel policy as allowing termination only for cause. Similarly, a member of the County’s Board of Supervisors testified that he understood that the employee could be fired “only if he did something wrong as listed in § 8-7” of the personnel manual and that the procedures in the manual had to be followed. The record also showed that the County, after *78 initially terminating the employee without prior notice or providing any reason for termination, reinstated the employee and then terminated him again, citing five grounds for the termination and informing the employee that he “may also avail himself of the Grievance Procedure adopted as a part of the Giles County personnel policy.”
Consideration of this evidence is appropriate because evidence of the parties’ conduct and intent, including a party’s interpretation of the contract, is “entitled to great weight” in determining the construction of an ambiguous contract. Dart Drug Corp. v. Nicholakos, 221 Va. 989, 995, 277 S.E.2d 155, 158 (1981). However, the majority ignores this evidence entirely because, according to the majority, such evidence “essentially” raises an estoppel argument and estoppel cannot be asserted against the County.
The basis upon which the majority excludes this evidence is one created by the majority and not presented by either party or considered by the trial court. The employee did not raise an estoppel argument either directly or indirectly. The employee never claimed the actions of the County and the testimony of its officials precluded it from asserting that the employment was at-will. Furthermore, the employer did not contend that the employee was improperly using this evidence to assert estoppel and in fact did not object to the evidence. According to the employer, reliance on such testimony “proves nothing” because the “the parties’ . . . interpretation does not matter in the case of an unambiguous document.”
In my opinion, proper application of the appellate review principles recited above to the evidence in this case results in the conclusion that the evidence was sufficient to support the jury verdict.
The majority not only ignores the standards of appellate review discussed above but also rejects the long-standing proposition that where “the evidence concerning the terms of a contract of employment is in conflict, the question whether the employment is at will or for a definite term becomes one of fact for resolution by a jury.” Miller v. SEVAMP, Inc., 234 Va. 462, 465-66, 362 S.E.2d 915, 917 (1987). Relying on Progress Printing Co. v. Nichols, 244 Va. 337, 421 S.E.2d 428, (1992), as “dispositive of this appeal,” the majority opines that submission to the jury in this case was not required, because, regardless of any conflict in the evidence, “the record is insufficient as a matter of law to prove that the County abrogated its employment at-will relationship with Wines.”
While selected portions of the language used in the Progress Printing opinion may appear to stand for the proposition advanced *79 by the majority, the case in its proper context does not. In Progress Printing, as the majority opinion recites, the evidence included an employee handbook providing for just cause termination with prior notice and a subsequently executed acknowledgement form stating that the employment relationship was at will. The employee sued the employer, asserting his termination without prior notice breached the employment contract. The trial court, sitting without a jury, held that the acknowledgement form regarding an employment at-will status incorporated the employee handbook and that, as incorporated, the employment at-will status only applied to the 30-day probationary employment period and not to other types of employment. Under this construction, the trial court concluded that the employee could be dismissed only for cause and was entitled to prior notice under the employee manual. Id. at 339-40, 421 S.E.2d at 429.
The posture of the case on appeal, therefore, presented the initial question of whether the trial court properly held that the acknowledgement form incorporated the personnel handbook. We concluded that the trial court erred in this regard and held that the acknowledgement form did not incorporate the provisions of the employee handbook but “specifically superseded and replaced” the for cause termination provision “with the agreement that the employment relationship was at will.” Id. at 341, 421 S.E.2d at 430.
While the Court was required to determine the nature of the employment, Progress Printing was not a case in which the judgment reviewed on appeal was grounded on the premise that the evidence had rebutted the presumption of at-will employment. The crucial evidence in that case — the acknowledgment form — went beyond a presumption of at-will employment; it overtly established the at-will employment relationship. The issue regarding the nature of the employment depended upon the construction of the acknowledgement form. Thus the majority misapplies Progress Printing by asserting that the case supports the proposition that conflicting evidence on the issue of the nature of the employment need not be submitted to the fact finder for resolution. Nothing in Progress Printing suggested that the evidence was not to be submitted to the fact finder for resolution. Nothing in the fact pattern, evidence presented, or controlling legal issue of Progress Printing makes that case “dispositive” of this one. As we have repeatedly said, these cases must be considered on a case by case basis in light of the evidence presented.
A final, but equally important, basis for my dissent is my disagreement with the new standard which the majority has established.
*80 As stated above, the majority rejected all evidence except the employee manual itself and vacated the jury verdict in favor of the employee because the employee could not point to a statement in the personnel manual that the employee “shall only” be terminated for cause or that the employee “will not be discharged without just cause.” For the first time in our jurisprudence of employment relationships, the lack of these words precludes submission of the issue to the jury and requires entry of a judgment in favor of the employer, regardless of the evidence introduced. Under the majority analysis, if the employment agreement were silent on the issue and other evidence supported termination only for cause, the issue would be taken away from the jury and decided as a matter of law. This result has never before been the law in Virginia and dramatically upsets the distinction between matters decided by the jury and those decided by the trial court. The majority has imposed this new “rule,” which eviscerates the historic role of the jury in employment termination cases, without acknowledging what has been done or explaining the basis for or perimeters of the rule imposed.
For all these reasons I dissent.

 The standard of appellate review for a motion to set aside a jury verdict in favor of the plaintiff and a motion to strike the plaintiff’s evidence is the same: whether the evidence taken in the light most favorable to the plaintiff is sufficient to support a jury verdict in favor of the plaintiff. See, e.g., Lumbermen’s Underwriting Alliance v. Dave’s Cabinet, Inc., 258 Va. 377, 380-81, 520 S.E.2d 362, 364-65 (1999); Claycomb v. Didawick, 256 Va. 332, 335, 505 S.E.2d 202, 204 (1998).