# CIRCUIT COURT OF THE CITY OF RICHMOND

Terrence L. Shiple

v.

Herbert W. Jackson

June 20, 2001

Case No. LL-2348-1

BY JUDGE MELVIN R. HUGHES, JR.

This matter is before the Court on the Defendant's Demurrer to Plaintiff's Motion for Judgment. A demurrer "admits the truth of all material facts that are properly pleaded, facts which are impliedly alleged, and facts which may be fairly and justly inferred from alleged facts," *Cox Cable Hampton Roads v. City of Norfolk*, 242 Va. 394, 397 (1991), and is reviewed upon this well-established principle.

Briefly, on or about July 16, 1998, the defendant, Herbert W. Jackson, proposed that the plaintiff, Terrence L. Shiple, join with defendant in a business to sell wines and related products through retail outlets and over the Internet. At the time, plaintiff was employed at the Commonwealth Club in Richmond as its chief wine steward and was earning $84,000 per year. Defendant proposed that he would be the majority owner of the business, responsible for all accounting and finance functions and for development of the website, and that plaintiff would be the full-time manager of the business and a minority owner. Plaintiff left his employment with the Commonwealth Club on defendant's promise to fund the business in an amount up to $250,000 and promising plaintiff a salary of $84,000 for one year plus benefits. Plaintiff left his employment at the Commonwealth Club, and, in May and June of 1999, he was paid a salary of $7,000 each month. Thereafter, defendant informed plaintiff that defendant would advance no further funds to the business, that there would be no payment of salary or benefits to plaintiff, and that all business operations would cease immediately. Plaintiff

was paid no further salary, benefits, or distributions of any kind from the business or the defendant.

Defendant demurs on the grounds that the alleged oral contract violates Virginia's statute of frauds and, additionally, that the alleged contract fails to state a claim for wrongful discharge and, therefore, is unenforceable as a matter of law.

## Statute of Frauds

Defendant's assertion that plaintiff's claim is barred by the statute of frauds is based on Va. Code § 11-2(8), the provision requiring a writing for a contract, which cannot be fully performed within one year. See *Nguyen v. CNA Corp.*, 44 F.3d 234 (4th Cir.1995). Defendant states further that this oral contract for employment is governed by *Lee's Adm'r v. Hill*, 87 Va. 497, 12 S.E. 1052 (1891). However, the plaintiff in *Lee* contracted to perform a service for the defendant to begin months from the time of the agreement. In the case at bar, plaintiff left his employment with the Commonwealth Club and began providing services to defendant right away. Thus, *Lee* is not applicable to this case.

Plaintiff argues that, because defendant's promise to plaintiff could have been performed within one year, the Statute of Frauds does not apply. He contends that defendant's promise, to fully fund the business, could have been executed in one day, one week, or one year. In support of this argument, he relies upon *Frazier v. Colonial Williamsburg Foundation*, 574 F. Supp. 318 (E.D. Va. 1983), in which the court stated "a writing is not needed so long as the contract *can* be performed within a year, even if only by some improbable event." (Emphasis added.) Plaintiff goes on to allege that if *either side* of the contract may be performed within one year, then such contract is not within the Statute of Frauds. See *Reed v. Gold*, 102 Va. 37 (1903).

The court finds that defendant could have fully performed his promise to fund the business in an amount up to $250,000 at any time, no matter how improbable such funding may have been and, thus, the Statute of Frauds does not apply to the alleged oral employment contract. The plea and demurrer as to this count is overruled.

Plaintiff further alleges that defendant is equitably estopped from claiming the Statute of Frauds defense. The Court has determined that the Statute of Frauds is inapplicable to this contract and, thus, there is no need to address plaintiff's exception to the statute or defendant's response thereto.

*Failure to State a Claim for Wrongful Discharge*

Defendant demurs on the grounds that plaintiff's Motion for Judgment alleges that he had an employment contract with defendant that would last, at a minimum, "for one year". Defendant contends that plaintiff is claiming to have a contract for a definite rather than an indefinite term such that the employment-at-will doctrine does not apply. *See Progress Printing Co. v. Nichols,* 244 Va. 337, 421 S.E.2d 428, 429 (1992). Continuing, defendant argues that if the claim is nevertheless considered to be one for wrongful discharge from an employment-at-will relationship, the Motion for Judgment fails to state a claim because it fails to identify a Virginia statute establishing a public policy that Jackson violated by terminating the employment relationship. See *Lawrence Chrysler Plymouth Corp. v. Brooks,* 251 Va. 94, at 98, 465 S.E.2d 806, at 809 (1996).

Responding, plaintiff says that employment-at-will is inapposite because plaintiff does not allege that he was an at-will employee. Plaintiff argues that the allegations in his Motion for Judgment do not implicate the employment-at-will doctrine or any exceptions thereto.

Plaintiff's Motion for Judgment alleges, and defendant does not deny, that defendant made certain oral promises regarding, *inter alia,* funding of the business and plaintiff's salary, which induced plaintiff to leave his place of employment and enter into a business venture with defendant. Plaintiff further alleges that defendant breached those promises by refusing to fund the business and by failing to pay plaintiff the agreed upon salary. Plaintiff does not, however, allege that he was terminated without cause, or alternatively that he was terminated for reasons that contravene public policy.

Thus, the court can accept this as a concession that plaintiff does not intend a claim for wrongful termination based on an exception to the employment at will doctrine under *Bowman v. Bank of Keysville,* 229 Va. 534 (1984), and its progeny. Employment at-will and wrongful discharge are not issues, nor should it be inferred as such, according to plaintiff. Defendant's demurrer as to this count is overruled.

For the foregoing reasons, the plea of the Statute of Frauds to the contract claim is overruled, as is the demurrer to the claim of wrongful discharge.