# CIRCUIT COURT OF LOUDOUN COUNTY

Kelly M. Gower

    v.

Kestler Financial
Group, Inc.

Case No. (Chancery) 22171

By Judge Thomas D. Horne

April 17, 2003

Complainant, Ms. Gower, is a former employee of the defendant corporation, Kestler Financial Group, Inc. (KFG). She seeks damages, costs, and attorney's fees pursuant to the remedial provisions of the Virginians with Disabilities Act. Va. Code Ann. § 51.5-46 (Michie 2003). Complainant, who is legally blind, alleges discriminatory treatment as a result of her blindness during the period preceding her discharge and in the termination of her employment. Thus, she suggests that, because of her blindness, her employer failed to properly train her for her job, hindered her in her job development, avoided accommodating her disability, and terminated her employment. This pattern or practice of discrimination based upon her disability is the lodestone to which the damages sought must adhere should the plaintiff be entitled to recovery.

Recovery under the act is circumscribed by statute. Thus, the relief to which the complainant is entitled is limited to affirmative equitable relief, compensatory damages, attorney's fees, and costs. An action seeking relief must be brought within one year of the violation of the rights provided by statute, and a claimant under the Act must give notice by registered mail to potential defendants within 180 days of the alleged violation. Back pay is limited to that accrued no more than 180 days prior to the filing of the notice

and is reduced by the amount of earnings over that period. Claimants are under a duty to mitigate their damages.

The complainant has met the procedural requirements of the act necessary to the pursuit of a claim. She alleges discrimination in the employment practices of the defendant and in its failure to reasonable accommodation for her disability. Va. Code Ann. § 51.5-41 (Michie 2003). Hired by the defendant in July of 2000, the complainant was discharged on May 11, 2001. The complainant was disabled at the time of her employment.

Complainant was hired as a marketing representative in the recruiting division. Her job responsibilities required her to recruit agents to sell annuity products. As part of her job, she was required to use a computer and make unsolicited or "cold" calls to independent agents. In order to accommodate complainant's disability, her employer purchased a computer and installed specialized software to assist the complainant in the performance of her job. Thomas Kestler, the president and founder of the corporate defendant, personally assisted the plaintiff in learning how to use the software.

In January of 2001, the complainant was transferred from the recruiting division to the life insurance division of Kestler Financial Group. After her transfer to the life division at Kestler, the complainant came under the direct supervision of Mr. Eric Schonher. Complainant seeks to persuade the Court that, after her move to the life division of Kestler, she became the subject of various acts of commission and omission inconsistent with the provisions of the Virginians with Disabilities Act. She relies not only upon direct evidence but also upon the burden-shifting scheme applicable to the trial of Federal employment discrimination cases. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under the *McDonald Douglas* test, should Ms. Gower establish a *prima facie* case of discrimination, the burden would shift to the defendant to rebut the presumption of discrimination by producing evidence of a nondiscriminatory reason for the action taken. A *prima facie* case of discrimination is established if the plaintiff establishes that: (1) she is a member of the protected class, (2) she suffered an adverse employment action, (3) she was performing at a level that met her employer's legitimate job expectations at the time of the adverse employment action, and (4) the position remained open to or was filled by similarly situated applicants from outside the protected class. *Brinkley v. Harbour Recreation Club*, 180 F.3d 598, 609 (4th Cir. 1999).

The Supreme Court of Virginia has expressly rejected the *McDonnell Douglas* test in common law wrongful discharge claims predicated on racial

discrimination. *Jordan v. Clay's Rest Home*, 253 Va. 185 (1997). In so doing, Justice Compton, writing for the Court observed:

> [g]iven the Commonwealth's strong commitment to the employment-at-will doctrine and because we conclude that Virginia's procedural and evidentiary framework for establishing a prima facie case is entirely appropriate for trial of wrongful discharge cases, we reject plaintiff's invitation to adopt the *McDonnell Douglas* indirect burden shifting idea.

*Id.* at 192.

In cases arising under the Virginians with Disabilities Act, complainants must prove that the termination of their employment was based solely upon a disabling condition. *Progress Printing Co. Inc. v. Nichols*, 244 Va. 337 (1992). Whether tested by the *McDonnell* standard or by the traditional framework of proof applicable to common law wrongful discharge cases, complainant's evidence relating a discharge in violation of the Act does not preponderate in her favor.

Kestler Financial Group had been supportive of her professional development. It gave materials for her to listen to and paid for her to take the insurance examination course.

Upon complainant's transfer to the insurance division, she assumed certain defined job responsibilities. Much of the evidence in the case centered on whether it was necessary for her to computer generate certain "illustrations" respecting various carriers' rates in response to inquiries from independent agents with whom Kestler enjoyed a preexisting relationship. Unlike her prior position with the defendant, no accommodation was made by Kestler that would permit her to run such illustrations on her computer. Instead, she was furnished a rate book by Mr. Kestler and instructed by Mr. Schonher to request his assistance or the assistance of Mr. Burns, a co-worker when a computer generated illustration would be needed to respond to an inquiry.

During the period of her supervision by Schonher, the complainant expressed both disdain for his management style and feelings of having been forsaken by Mr. Kestler. Ms. Gower's employment was terminated on May 11, 2001. Mr. Kestler's explanation as to the reason for her termination is credible. While he indicated there were issues of interpersonal relationships involving the complainant that were of concern to him, absent reports from

others in the office of her having made disparaging comments concerning the company, he would not have terminated her.

On March 29, 2001, a conversation took place in the complainant's office in which her disability was commented upon. Complainant contends that Mr. Schonher stated that, "you are of no use to me because you are blind." Contrariwise, Mr. Schonher reported that the plaintiff stated, "you're saying that I'm not a good employee because I'm blind!". The Court cannot conclude upon the extant record which statement was made, or that the stated reason for the discharge was pretextual.

On September 17, 2001, Ms. Gower, through her attorney, gave notice to Kestler, *inter alia*, of violations of the Virginians with Disabilities Act. The letter references the termination of her employment by Kestler in May. While the evidence does not support a finding that the sole reason for the complainant's termination of employment was based upon her disability, the record evidences a difference in the approach taken by Mr. Kestler and Mr. Schonher. The complainant has demonstrated that she is a capable, hard working employee, with a special gift for marketing. Mr. Kestler recognized these special talents and personally supported her in accommodating her disability in the purchase of computer hardware and training. When the complainant was transferred to another division and under the supervision of Mr. Schonher, she was given job responsibilities that did not require further training.

Under the Virginians with Disabilities Act:

> An employer shall make reasonable accommodation to the known physical and mental impairments of an otherwise qualified person with a disability, if necessary to assist such person in performing a particular job, unless the employer can demonstrate that the accommodation would impose an undue burden on the employer.

Va. Code Ann. § 51.5-41 (Michie 2003).

In the instant case, accommodations were made to address the job needs attendant to her first position with the company. With those accommodations, she was able to work freely and productively without assistance by others. After her transfer to the insurance division, the need for her reliance upon others became part of her job. The Court cannot conclude that the transfer was pretextual or sprang from a discriminatory purpose.

It is clear that those in the insurance division were required to perform discrete job responsibilities. The three persons who comprised the division testified in the case. Complainant's job was to recruit and support independent agents. Mr. Burns was the source of product knowledge, and Mr. Schonher was the supervisor. As previously noted, requests for illustrations had to be taken by the plaintiff to Mr. Burns or Mr. Schonher.

While the generating of computer illustrations may have been necessary to the completion of the task of responding to an agent's question, it was not necessary to the fulfillment of the complainant's job. No further accommodation was necessary for Ms. Gower to perform her job. Although Ms. Gower's dedication and enthusiasm to expand her responsibilities beyond those for which she was hired are admirable qualities, her employer cannot be held responsible beyond the express language of the statute mandating that it, "make reasonable accommodation … if necessary to assist [her] in performing [her] job."

Accordingly, the Court will enter judgment for the defendant.

June 11, 2003

Complainant, Ms. Gower, is a former employee of the defendant corporation, Kestler Financial Group, Inc. Complainant alleged discrimination and termination due to her blindness and filed suit pursuant to the Virginians with Disabilities Act, Va. Code Ann. § 51.5-46 (Michie 2003). On April 17, 2003, this Court entered judgment for the defendant and issued a Letter of Opinion stating that the complainant was accommodated as required under the Virginians with Disabilities Act and was not terminated due to her disability. Va. Code Ann. § 51.5-41 (Michie 2003).

The complainant now requests a Motion for Further Rulings on Plaintiff's claims as to the Court's Opinion. Complainant claims the Court did not fully dispose of the complaint under the Virginians with Disabilities Act for discrimination in employment and promotional practices. She also contends the Court erred in finding for the Respondent under Va. Code Ann. § 51.5-41(A) (Michie 2003) because the complainant's managers, Mr. Kestler and Mr. Schonher, treated her differently (as found by the Court) and the unrebutted evidence that the latter excluded her from training that would have assisted her professional development.

Although a "Motion for Further Rulings" is neither recognized by statute nor case law in Virginia, the Court is willing to view it as a "Motion for

Reconsideration" in light of the novelty of the issues this case raises under the Virginians with Disabilities Act.

Complainant asks the Court to consider the claims of disparate treatment and hostile work environment as a violation of Va. Code Ann. § 51.5-41(A) (Michie 2003). Considering the evidence, the Court finds nothing to support this contention. The Virginians with Disabilities Act has the laudable goal of protecting the rights of workers with disabilities. However, the evidence in this case does not support a finding of disparate treatment in the workplace protected by the Virginians with Disabilities Act. Therefore, this case is not representative of the types of claims that the Virginians with Disabilities Act was enacted to resolve.

The complainant contends that, regardless of whether her job responsibilities included personally generating illustrations, the fact that KFG refused to train her in generating illustrations was a violation of "KFG's stated position of promoting professional development and cross-training and would, regardless of her job duties, support a claim of discrimination under section A of VDA." The Court does not agree and the evidence does not reflect that, by failing to train Ms. Gower in the generation of illustrations, KFG prevented her from growing professionally and expanding her duties.

The Court found that, "KFG had been supportive of her professional development. It gave materials for her to listen to and paid for her to take the insurance examination course." The Court also found that "[w]hen the complainant was transferred to another division and under the supervision of Mr. Schonher, she was given job responsibilities that did not require further training."

Generating the computer illustrations was not necessary to the fulfillment of the complainant's job. No further accommodation was necessary for Ms. Gower to perform her job. The Court pointed out that while Ms. Gower was to be admired for her dedication and willingness to expand her responsibilities beyond those for which she was hired, "her employer cannot be held responsible beyond the express language of the statute mandating that it 'make reasonable accommodation … if necessary to assist [her] in performing [her] job'."

Thus, the Court has fully disposed of Ms. Gower's claims as asserted in the amended bill of complaint, and Ms. Gower's request that the Court make further factual and legal findings and rulings regarding her claims under Va. Code Ann. § 51.5-41(A) (Michie 2003) that KFG discriminated against her in her employment and promotional practices solely because of her blindness is denied. Judgment is for the defendant.