Present: All the Justices

COUNTY OF GILES, ET AL.

OPINION BY JUSTICE LEROY R. HASSELL, SR.
v. Record No. 001371          June 8, 2001

D. CHAD WINES

FROM THE CIRCUIT COURT OF GILES COUNTY
Duane E. Mink, Judge

The primary issue we consider in this appeal is whether a plaintiff presented sufficient evidence to support a jury's finding that he had an employment contract terminable only for just cause.

We will state the facts and all reasonable inferences fairly deducible therefrom in the light most favorable to D. Chad Wines, the plaintiff and recipient of a jury verdict that was confirmed by the circuit court. Atkinson v. Scheer, 256 Va. 448, 450, 508 S.E.2d 68, 69 (1998). Wines was employed by the County of Giles as manager of the Castle Rock Recreation Area from 1994 through 1996. During his tenure with the County, Wines performed his duties well, and he received a significant increase in compensation.

In January 1996, four new persons were sworn in as members of the Board of Supervisors of Giles County. On January 2, 1996, Wines received a telephone call from Roger C. Mullins, the interim County administrator. Mullins informed Wines that he needed to attend a meeting of the newly elected

Board that day. During the meeting, Larry J. Williams, a supervisor, made a motion to discharge Wines from his position as manager of the Castle Rock Recreation Area, effective immediately. The Board unanimously voted to terminate Wines' employment.

Wines had no prior indication that he would be discharged. The Board did not give Wines notice of its intent to terminate his employment, nor did the Board inform him of the basis of the termination. The next day, as Wines was "cleaning out" his office, Mullins explained to Wines that the Board had discharged him because of personality conflicts and that Wines was "a casualty of poor judgments and . . . personality conflicts within the County and supervisors."

Wines retained an attorney who advised the Board by letter dated January 18, 1996 that the Board's termination of Wines' employment violated his constitutionally protected rights and his employment contract with the County as set forth in the County's Personnel Policy. In response to that letter, the Board convened a special meeting, and Wines was immediately reinstated and simultaneously discharged effective January 26, 1996. The Board did not provide Wines an opportunity to be heard regarding the Board's decision to terminate his employment. The Board also refused to provide Wines with any post-termination procedures.

Subsequently, Wines filed an "amended motion for declaratory judgment and motion for judgment" against the County, the Board, and the supervisors in their individual capacities. Wines alleged, among other things, that the County and the Board (hereinafter the County) breached its employment contract with him because he could only be discharged for cause and that the County violated 42 U.S.C. § 1983 because the County deprived him of a property right to continued employment subject to termination only for cause.

During the trial, at the conclusion of the plaintiff's evidence and at the conclusion of all the evidence, the County made motions to strike the plaintiff's evidence on the basis that Wines was an employee terminable at-will and, therefore, the County was not required to discharge him solely for cause. The County also argued that the individual supervisors were entitled to qualified immunity. The circuit court granted the motion to strike the evidence against the individual supervisors, and that ruling is not challenged in this appeal. The circuit court, however, held that the Giles County Personnel Policy created an employment contract which only permitted the County to discharge Wines for cause, and the court entered an order confirming the jury's verdict of $88,035.45 in favor of Wines and awarded Wines attorney's fees as permitted by 42 U.S.C. § 1983. The County appeals.

3

The Giles County Personnel Policy, which was enacted by its Board of Supervisors, states in pertinent part:

"8-5  Discharges

"An employee may be discharged for inefficiency, insubordination, misconduct, or other just cause.  Discharge may be made by the Department Head with approval of the County Administrator in the case of employees below department head level. The County Administrator with the approval of the Board of Supervisors may discharge other employees. A written statement of the reasons for such action shall be furnished the employee and a copy shall be made part of the personnel file of the individual."

The County argues that Wines was an employee terminable at-will because its Personnel Policy did not create an employment contract terminable solely for cause.  Responding, Wines argues that he presented sufficient evidence to permit the jury to find that his employment contract with the County was terminable only for just cause and that when the County discharged him, it lacked cause to do so.  We disagree with Wines.

We have stated that "Virginia strongly adheres to the common law employment-at-will doctrine."  Bailey v. Scott-Gallaher, Inc., 253 Va. 121, 123, 480 S.E.2d 502, 503 (1997); Lawrence Chrysler Plymouth Corp. v. Brooks, 251 Va. 94, 96, 465 S.E.2d 806, 808 (1996).  In Virginia, an employment relationship is presumed to be at-will, which means that the employment term extends for an indefinite period and may be

4

terminated by the employer or employee for any reason upon reasonable notice.  <u>Dray</u> v. <u>New Market Poultry Products</u>, 258 Va. 187, 190, 518 S.E.2d 312, 313 (1999); <u>Doss</u> v. <u>Jamco, Inc.</u>, 254 Va. 362, 366, 492 S.E.2d 441, 443 (1997); <u>Progress Printing Co.</u> v. <u>Nichols</u>, 244 Va. 337, 340, 421 S.E.2d 428, 429 (1992); <u>Norfolk Southern Railway Co.</u> v. <u>Harris</u>, 190 Va. 966, 976, 59 S.E.2d 110, 114 (1950); <u>Hoffman Company</u> v. <u>Pelouze</u>, 158 Va. 586, 594, 164 S.E. 397, 399 (1932); <u>Stonega Coal & Coke Co.</u> v. <u>Louisville and Nashville R.R. Co.</u>, 106 Va. 223, 226, 55 S.E. 551, 552 (1906).[*]  In <u>Miller</u> v. <u>SEVAMP, Inc.</u>, 234 Va. 462, 465, 362 S.E.2d 915, 917 (1987), we explained that:

> "An employee is ordinarily at liberty to leave his employment for any reason or for no reason, upon giving reasonable notice, without incurring liability to his employer.  Notions of fundamental fairness underlie the concept of mutuality which extends a corresponding freedom to the employer. <u>See</u> <u>Town of Vinton</u> v. <u>City of Roanoke</u>, 195 Va. 881, 80 S.E.2d 608 (1954)."

The presumption that an at-will employment relationship exists may be rebutted, however, if sufficient evidence is produced to show that the employment is for a definite, rather than an indefinite, term.  <u>Progress Printing Co.</u>, 244 Va. at 340, 421 S.E.2d at 429.  In <u>Norfolk Southern Railway Co.</u>, we held that a contractual agreement which stated that an

_____

[*] Even though we have recognized exceptions to this rule, those exceptions are not pertinent to the resolution of this

employee "will not be disciplined or dismissed from [employment] without a just cause" created a definite term for the duration of the employment and that the employer could only dismiss the employee for cause. 190 Va. at 969, 976, 59 S.E.2d at 111, 114.

Applying the principles enunciated in our well-established precedent to the facts of this case, we hold that Wines failed to present evidence that he had an employment contract terminable solely for cause sufficient to rebut the employment at-will presumption. Section 8-5 of the County's Personnel Policy does not change the nature of Wines' employment at-will contract with the County. The language upon which Wines relies states that an "employee <u>may</u> be discharged for inefficiency, insubordination, misconduct, or other just cause." This sentence does not state that an employee <u>shall only</u> be discharged for inefficiency, insubordination, misconduct, or other just cause; nor does it state that an employee will not be discharged without just cause. We hold that the personnel policy at issue in this case is not sufficient to rebut the strong presumption in favor of the at-will employment relationship in this Commonwealth.

_____

appeal. <u>See</u> <u>Bowman</u> v. <u>State Bank of Keysville</u>, 229 Va. 534, 539, 331 S.E.2d 797, 801 (1985).

We note that Wines also relies upon § 8-7 of the County's Personnel Policy which enumerates "Causes for Suspension, Demotion, or Dismissal." However, this section is devoid of any language which changes the nature of the at-will employment relationship between the County and its employees. There is simply no language in this section that limits the County's power to discharge an employee without cause.

We also note that Wines states that this Court has "expressly held that '[w]here the evidence concerning the terms of a contract of employment is in conflict, the question whether the employment is at will or for a definite term becomes one of fact for resolution by a jury.' Miller v. SEVAMP, Inc., 234 Va. 462, 465-66, 362 S.E.2d 915, 917 (1987)." Wines' reliance upon Miller is misplaced because in the present case, whatever conflict may appear in the evidence, the record is insufficient as a matter of law to prove that the County abrogated its employment at-will relationship with Wines.

In Progress Printing Co., which is dispositive of this appeal, we considered whether an employee was terminable at-will or whether he had an employment contract which prohibited termination without just cause. The employer's personnel director provided the employee with a copy of the company's Employees' Handbook which stated that the company would not

7

discharge or suspend an employee "without just cause and shall give at least one warning notice . . . in writing" except under certain circumstances. Progress Printing Co., 244 Va. at 339, 421 S.E.2d at 429. Subsequently, the employee signed a form which stated that the employment relationship between Progress Printing and the employee was "at will and may be terminated by either party at any time." Id.

Rejecting the employee's contention that he had an employment relationship that was terminable only for cause, we held that assuming, without deciding, that the Employees' Handbook containing the termination for cause provision satisfied the statute of frauds, the acknowledgement form that the employee had executed superseded and replaced the provision in the handbook with the agreement that the employment relationship was terminable at-will. We stated:

> "We conclude that the termination for cause language of the Handbook and the employment at will relationship agreed to in the subsequent acknowledgement form are in direct conflict and cannot be reconciled in any reasonable way. If the documents are considered a single contract, as the trial court considered them, this conflict, along with the conflicting testimony of the parties as to the nature of the employment relationship, fails to provide sufficient evidence to rebut the presumption of employment at will."

Id. at 342, 421 S.E.2d at 431. In Progress Printing, even though there was a direct conflict between the Employees' Handbook and the acknowledgement form, we held that the

8

employee failed to provide sufficient evidence to rebut the presumption of the employment at-will relationship.

Wines observes that the County's interim administrator, Mullins, testified that it was his original belief that Wines could only be discharged for just cause. Larry Williams, a member of the Board of Supervisors, testified that the Board "reinstated" Wines after it had initially discharged him, and then immediately discharged him again, effective January 26, 1996, based upon the advice of the Board's attorneys. Wines states that the "County's actions in 'reinstating' [him], and then firing him based on trumped up allegations of misconduct, are consistent only with the County's own interpretation that its Personnel Policy established a just cause employment relationship." Continuing, Wines states that "[t]he County . . . argues that [he] and necessarily all other County employees . . . were at will employees. This argument is inconsistent with the provisions of the Personnel Policy, the testimony of County officials, the County's own actions and the jury's specific fact findings."

Wines' contentions are without merit. Essentially, Wines suggests that the County is estopped by its conduct from asserting that Wines was an employee at-will. However, we have repeatedly held that in Virginia estoppel cannot be asserted against a county acting in the discharge of its

9

governmental functions.  See Notestein v. Board of Sup. of Appomattox County, 240 Va. 146, 152, 393 S.E.2d 205, 208 (1990); Board of Supervisors v. Booher, 232 Va. 478, 481, 352 S.E.2d 319, 321 (1987).  And, the County's interim administrator's mistaken belief that Wines could only be discharged for cause is not sufficient to change Wines' at-will employment relationship with the County.

The County argues that Wines has no substantive property right in continued employment because he was an at-will employee of Giles County.  Responding, Wines asserts that he "had a legitimate expectation of continued employment based on the just cause employment relationship established by the Giles County Personnel Policy."  We disagree with Wines.

The United States Supreme Court held in Board of Regents v. Roth, 408 U.S. 564, 576-77 (1972), that a public employee may be entitled to certain procedural due process from a governmental employer if the employee has a protected property interest.  Such property interests are not created by the federal constitution, but, rather "they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law — rules or understandings that secure certain benefits and that support claims of entitlement to those benefits."  Id. at 577. Wines has conceded that he "relies on the just cause

10

provisions in §§ 8-5 and 8-7 . . . to establish his constitutionally protected property interest in his employment."  However, as we have already stated, Wines failed to establish that he was an employee terminable solely for cause.  Therefore, he has no property right which is protected by the federal constitution and, hence, his claims under 42 U.S.C. § 1983 are not legally cognizable.

In articulating our holdings in this case, we do not endorse the manner in which the County treated Wines during its process of discharging him.  However, we cannot change the Commonwealth's strong presumption in favor of the at-will employment relationship merely because we may be sympathetic to Wines' circumstances.

In view of our holdings, we need not consider the litigants' remaining arguments.  Accordingly, we will reverse the judgment of the circuit court, and we will enter final judgment in favor of the County.

<u>Reversed and final judgment</u>.

JUSTICE LACY, with whom JUSTICE KINSER and JUSTICE LEMONS join, dissenting.

In this case, the trial court took under advisement the County's motion to strike the employee's evidence and submitted to the jury the issue of whether an at-will employment relationship existed between the employee and the

County.  Following a jury verdict in favor of the employee, the trial court denied the County's motion to strike and entered judgment on the jury verdict.  The County appeals, assigning error to the trial court's refusal to grant its motion to strike the employee's evidence.

In a case such as this, where the trial court has declined to strike the plaintiff's evidence or to set aside a jury verdict, the standard of appellate review in Virginia requires this Court to consider whether the evidence presented, taken in the light most favorable to the plaintiff, was sufficient to support the jury verdict in favor of the plaintiff.[*]  We have instructed trial judges that in ruling on a motion to strike the plaintiff's evidence, the trial court is to accept as true all the evidence favorable to the plaintiff as well as any reasonable inferences a jury might draw therefrom that would sustain the plaintiff's cause of action.  The trial court is not to judge the weight and credibility of the evidence and may not reject any inference from the evidence favorable to the plaintiff unless it would

_____

[*] The standard of appellate review for a motion to set aside a jury verdict in favor of the plaintiff and a motion to strike the plaintiff's evidence is the same:  whether the evidence taken in the light most favorable to the plaintiff is sufficient to support a jury verdict in favor of the plaintiff.  See, e.g., Lumbermen's Underwriting Alliance v. Dave's Cabinet, Inc., 258 Va. 377, 380-81, 520 S.E.2d 362,

12

defy logic and common sense.  Austin v. Shoney's, Inc., 254 Va. 134, 138, 486 S.E.2d 285, 287 (1997).  Where, as here, the prevailing party comes before us with a jury verdict that has been approved by the trial court, he holds the most favorable position known to the law.  Lumbermen's Underwriting Alliance v. Dave's Cabinet, Inc., 258 Va. 377, 380, 520 S.E.2d 362, 365 (1999); Smith v. Litten, 256 Va. 573, 578, 507 S.E.2d 77, 80 (1998).  As we reiterated in Stanley v. Webber, 260 Va. 90, 95, 531 S.E.2d 311, 314 (2000), the trial court's judgment is presumed to be correct, and we will not set it aside unless the judgment is plainly wrong or without evidence to support it.  Code § 8.01-680.  Because the majority neither adverts to nor applies these standards in this case, I dissent.

Section 8-5 of the personnel manual states that an employee "may be discharged for inefficiency, insubordination, misconduct, or other just cause."  Viewing this statement in the light most favorable to the plaintiff, the word "may" must be construed to mean, not that the employer is at liberty to discharge for causes other than "just cause," but as allowing the employer to impose a penalty of less than discharge for any of those infractions although such infractions constitute grounds for termination.  Section 8-5 also requires the

364-65 (1999); Claycomb v. Didawick, 256 Va. 332, 335, 505 S.E.2d 202, 204 (1998).

13

employer to provide the employee with the reasons for termination, a condition that is inconsistent with employment at-will, which requires no reason for termination. Finally, § 8-7, "Causes for Suspension, Demotion, or Dismissal," lists sixteen other specific acts which support a decision to terminate employment. Giving the provisions of the manual a reasonable construction and one favorable to the plaintiff compels the conclusion that the manual allows termination for no grounds other than those identified in §§ 8-5 and 8-7.

The majority, however, rejected this construction of the personnel manual, concluding that the manual did not remove the nature of the relationship from the province of employment at-will because it did not contain an affirmative statement either that "an employee shall only be discharged for" the listed offenses or other just cause or that the employee "will not be discharged without just cause."

Read in the light most favorable to the employee, the personnel manual alone was sufficient to support the jury verdict. Nevertheless, the personnel manual was not the only evidence produced by the employee to support his contention that he could be terminated only for cause. The County Administrator, who is the chief personnel officer of the County, testified that when the employee was first terminated, the Administrator interpreted the personnel policy as allowing

14

termination only for cause.  Similarly, a member of the County's Board of Supervisors testified that he understood that the employee could be fired "only if he did something wrong as listed in § 8-7" of the personnel manual and that the procedures in the manual had to be followed.  The record also showed that the County, after initially terminating the employee without prior notice or providing any reason for termination, reinstated the employee and then terminated him again, citing five grounds for the termination and informing the employee that he "may also avail himself of the Grievance Procedure adopted as a part of the Giles County personnel policy."

Consideration of this evidence is appropriate because evidence of the parties' conduct and intent, including a party's interpretation of the contract, is "entitled to great weight" in determining the construction of an ambiguous contract.  Dart Drug Corp. v. Nicholakos, 221 Va. 989, 995, 277 S.E.2d 155, 158 (1981).  However, the majority ignores this evidence entirely because, according to the majority, such evidence "essentially" raises an estoppel argument and estoppel cannot be asserted against the County.

The basis upon which the majority excludes this evidence is one created by the majority and not presented by either party or considered by the trial court.  The employee did not

raise an estoppel argument either directly or indirectly.  The employee never claimed the actions of the County and the testimony of its officials precluded it from asserting that the employment was at-will.  Furthermore, the employer did not contend that the employee was improperly using this evidence to assert estoppel and in fact did not object to the evidence. According to the employer, reliance on such testimony "proves nothing" because the "the parties' . . . interpretation does not matter in the case of an unambiguous document."

In my opinion, proper application of the appellate review principles recited above to the evidence in this case results in the conclusion that the evidence was sufficient to support the jury verdict.

The majority not only ignores the standards of appellate review discussed above but also rejects the long-standing proposition that where "the evidence concerning the terms of a contract of employment is in conflict, the question whether the employment is at will or for a definite term becomes one of fact for resolution by a jury."  Miller v. SEVAMP, Inc., 234 Va. 462, 465-66, 362 S.E.2d 915, 917 (1987).  Relying on Progress Printing Co. v. Nichols, 244 Va. 337, 421 S.E.2d 428, (1992), as "dispositive of this appeal," the majority opines that submission to the jury in this case was not required, because, regardless of any conflict in the evidence, "the

record is insufficient as a matter of law to prove that the County abrogated its employment at-will relationship with Wines."

While selected portions of the language used in the Progress Printing opinion may appear to stand for the proposition advanced by the majority, the case in its proper context does not. In Progress Printing, as the majority opinion recites, the evidence included an employee handbook providing for just cause termination with prior notice and a subsequently executed acknowledgement form stating that the employment relationship was at will. The employee sued the employer, asserting his termination without prior notice breached the employment contract. The trial court, sitting without a jury, held that the acknowledgement form regarding an employment at-will status incorporated the employee handbook and that, as incorporated, the employment at-will status only applied to the 30-day probationary employment period and not to other types of employment. Under this construction, the trial court concluded that the employee could be dismissed only for cause and was entitled to prior notice under the employee manual. Id. at 339-40, 421 S.E.2d at 429.

The posture of the case on appeal, therefore, presented the initial question of whether the trial court properly held that the acknowledgement form incorporated the personnel

17

handbook.  We concluded that the trial court erred in this regard and held that the acknowledgement form did not incorporate the provisions of the employee handbook but "specifically superseded and replaced" the for cause termination provision "with the agreement that the employment relationship was at will."  Id. at 341, 421 S.E.2d at 430.

While the Court was required to determine the nature of the employment, Progress Printing was not a case in which the judgment reviewed on appeal was grounded on the premise that the evidence had rebutted the presumption of at-will employment.  The crucial evidence in that case — the acknowledgment form — went beyond a presumption of at-will employment; it overtly established the at-will employment relationship.  The issue regarding the nature of the employment depended upon the construction of the acknowledgement form.  Thus the majority misapplies Progress Printing by asserting that the case supports the proposition that conflicting evidence on the issue of the nature of the employment need not be submitted to the fact finder for resolution.  Nothing in Progress Printing suggested that the evidence was not to be submitted to the fact finder for resolution.  Nothing in the fact pattern, evidence presented, or controlling legal issue of Progress Printing makes that case "dispositive" of this one.  As we have repeatedly said,

these cases must be considered on a case by case basis in light of the evidence presented.

A final, but equally important, basis for my dissent is my disagreement with the new standard which the majority has established. As stated above, the majority rejected all evidence except the employee manual itself and vacated the jury verdict in favor of the employee because the employee could not point to a statement in the personnel manual that the employee "shall only" be terminated for cause or that the employee "will not be discharged without just cause." For the first time in our jurisprudence of employment relationships, the lack of these words precludes submission of the issue to the jury and requires entry of a judgment in favor of the employer, regardless of the evidence introduced. Under the majority analysis, if the employment agreement were silent on the issue and other evidence supported termination only for cause, the issue would be taken away from the jury and decided as a matter of law. This result has never before been the law in Virginia and dramatically upsets the distinction between matters decided by the jury and those decided by the trial court. The majority has imposed this new "rule," which eviscerates the historic role of the jury in employment termination cases, without acknowledging what has been done or explaining the basis for or perimeters of the rule imposed.

For all these reasons I dissent.