## CIRCUIT COURT OF THE CITY OF RICHMOND

Anthony Moore

    v.

Historic Jackson Ward
Association

February 10, 2003

Case No. LP-818-4

BY JUDGE RANDALL G. JOHNSON

The court has read again the cases cited by defendant in support of its demurrer. The case of *County of Giles v. Wines*, 262 Va. 63, 546 S.E.2d 721 (2001), is, for all practical purposes, indistinguishable from the case at bar. It controls this case.

In *Giles*, § 8-5 of the Giles County Personnel Policy stated, in pertinent part:

> An employee may be discharged for inefficiency, insubordination, misconduct, or other just cause. Discharge may be made by the Department Head with approval of the County Administrator in the case of employees below department head level. The County Administrator with the approval of the Board of Supervisors may discharge other employees. A written statement of the reasons for such action shall be furnished the employee and a copy shall be made part of the personnel file of the individual.

When the plaintiff, Wines, was terminated without warning and without cause, he filed suit. The trial court allowed the case to go to the jury, which returned a verdict in plaintiff's favor for $88,035.45. The court also awarded attorney's fees under 42 U.S.C. § 1983. The Supreme Court reversed.

After discussing prior holdings in employment termination cases, specifically noting that "Virginia strongly adheres to the common law employment-at-will doctrine," 262 Va. at 68 (*quoting Bailey v. Scott-Gallaher, Inc.*, 253 Va. 121, 123, 480 S.E.2d 502 (1997)), the Court said:

> Applying the principles enunciated in our well-established precedent to the facts of this case, we hold that Wines failed to present evidence that he had an employment contract terminable solely for cause sufficient to rebut the employment at-will presumption. Section 8-5 of the County's Personnel Policy does not change the nature of Wines' employment at-will contract with the County. The language upon which Wines relies states that an "employee *may* be discharged for inefficiency, insubordination, misconduct, or other just cause." This sentence does not state that an employee *shall only* be discharged for inefficiency, insubordination, misconduct, or other just cause; nor does it state that an employee will not be discharged without just cause. We hold that the personnel policy at issue in this case is not sufficient to rebut the strong presumption in favor of the at-will employment relationship in this Commonwealth.

262 Va. at 73 (emphasis in original).

*Giles'* holding is fatal to plaintiff's case here. Just as in *Giles*, the present defendant's Personnel Policies and Procedures list several things for which an employee *may* or *will* be terminated for cause. Nowhere in that document does defendant say that an employee *shall only* be terminated for cause. In that regard, there is no difference between this case and *Giles*, and the holding of *Giles* must be applied.

The court also rejects plaintiff's argument that defendant's failure to allow plaintiff to file a grievance in accordance with the Personnel Policies and Procedures states a cause of action. Since defendant had the right to terminate plaintiff's employment for cause or for no cause, plaintiff cannot possibly prove to the court or to a jury that he would have been retained or rehired if he had been allowed to file a grievance. In the absence of such proof, plaintiff cannot show injury. In the absence of injury, no cause of action exists. Plaintiff's action must be dismissed. The court makes no ruling on defendant's objection to plaintiff's seeking equitable relief on the law side of the court.