158

## CIRCUIT COURT OF LOUDOUN COUNTY

Joy Vizi

v.

Dulles Orthopaedic
Group, P.C.

September 26, 2003

Case No. (Law) 29211

BY JUDGE JAMES H. CHAMBLIN

This case came before the Court on August 29, 2003, for argument on the Demurrer of the Defendant, Dulles Orthopaedic Group, P.C. (Dulles), to the Motion for Judgment filed by the Plaintiff, Joy Vizi. After consideration of the argument, the Demurrer is sustained.

Dulles asserts two grounds for its Demurrer. The Demurrer is sustained on each ground as explained below.

### Employment-At-Will Issue

A demurrer tests the legal sufficiency of a pleading and admits the truth of all properly pleaded material facts. All reasonable factual inferences fairly and justly drawn from the facts alleged must be considered. However, a demurrer does not admit the correctness of the conclusion of law contained in the challenged pleading. *Ward's Equipment, Inc. v. New Holland N. America, Inc.*, 254 Va. 379, 382 (1997).

The material allegations of the Motion for Judgment are set forth below.

The Plaintiff is a licensed nurse practitioner and until March 2003 had been an employee of Dulles for approximately nine years. For approximately eight years she was employed under an oral employment contract.

On April 19, 2002, Plaintiff and Dulles entered into an employment contract. The provisions of the contract concerning the term and termination

of employment (paragraph 3) and the restrictions on post employment practice (paragraph 7) are as follows:

3. *Term and Termination of Employment.*

(a) *Term.* This agreement shall be effective as of the Effective Date and shall have an initial term of five (5) years. Upon the expiration of such term (or any renewal term), this Agreement shall automatically renew for additional one (1) year periods unless either party notifies the other party at least sixty (60) days prior to the applicable renewal date of its intention to not renew the Agreement (the initial term and any renewal term shall be collectively referred to as the "Term").

(b) *Termination.*

(i) The Employee may terminate the Employee's employment at any time upon sixty (60) days advance written notice.

(ii) The Employer may also terminate this agreement "For Cause" (as defined below) at any time without prior notice whatsoever.

(iii) The Employer may terminate this Agreement if Employee suffers a Permanent Disability. For purposes of this Agreement, a "Permanent Disability" shall mean a physical or mental condition resulting from a bodily injury or disease or mental disorder which continues for a period of at least six (6) months or which the Employer's Board of Directors anticipates will continue for a period of at least six (6) consecutive months from onset and which, in the good faith judgment of the Board of Directors, renders the Employee incapable of performing her duties as an employee of Employer on a substantially full-time basis.

(iv) This Agreement shall automatically terminate without notice upon the legal disqualification of the Employee from providing nurse practitioner services under the laws and regulations of the Commonwealth of Virginia.

(v) "For Cause" shall be defined to include, but not be limited to, the following:

(i) If Employee is expelled, suspended, or otherwise disciplined by a final action of any professional or scientific organization (including, but not limited to, suspension or loss of licensure to perform nurse practitioner services), on serious grounds other than for nonpayment of dues, or other similar grounds;

(ii) If Employee resigns from any professional or scientific organization under threat of disciplinary action, or serious grounds other than for nonpayment of dues, or other similar grounds;

(iii) If Employee is convicted of a felony, or of a crime involving a breach of medical ethics, moral turpitude, or immoral conduct; or

(iv) If Employee otherwise engages in any illegal act or gross negligence or willful misconduct in the performance of Employee's duties hereunder. . . .

## 7. *Restrictions Upon Post Employment Practice.*

(a) *Non-Disclosure.* Employee hereby agrees that Employee will not at any time disclose to any person, partnership, or other entity any confidential information or trade secrets of the Employer, the contents of any patient lists of the Employer, or the general needs of any patient or other contracting parties with the Employer; provided, however, the foregoing shall not prevent such Employee from responding to the request of a governmental agency or pursuant to a court order or as otherwise required by law.

(b) *Non-Interference.* Employee hereby agrees that Employee shall not at any time after execution of this Agreement, interfere with, solicit, or disrupt the relationship, contractual or otherwise, between the Employer and its suppliers, referral sources, healthcare relationships (such as managed care), agents, consultants, officers, employees or any patients of the Employer who are patients of the Employer as of the date of this Agreement.

(c) *Acknowledgment of Reasonableness.* Employee acknowledges (1) that the foregoing provisions are reasonable as to time and areas as to which their activities are to be restricted, (2) that Employee understands the same and intends to be fully bound with respect thereto, and (3) that such limitations upon Employee's activities for the time and in the designated market area shall not prevent Employee from earning a reasonable livelihood during the two year period following the termination or expiration of this Agreement. If any part of this Section 7 is held to be invalid or unenforceable, then the parties intend and desire, rather than to have no protection against disclosure or competition, that any court of competent jurisdiction impose the maximum restrictions which the court deems reasonable and enforceable. The parties acknowledge that Section 7(a) and 7(b)

are each separate and distinct provisions, each capable of enforcement by a court individually.

(d) These terms would not come into effect if the employer terminates this agreement without cause.

On February 25, 2003, Dulles transferred the Plaintiff to another department and reduced her salary by 50%. On March 3, 2003, the Plaintiff tendered her resignation by providing the sixty day notice required by paragraph 3(b)(i) of the contract.

On March 11, 2003, the Plaintiff was dismissed by Dulles.

In Count I of the Motion for Judgment, the Plaintiff claims that Dulles breached the agreement dated April 19, 2002, by dismissing her without just cause.

Dulles demurs to Count I (Breach of Contract) on the ground that the agreement creates an employment that is terminable at-will.

Virginia strongly adheres to the common law employment-at-will doctrine, and an employment relationship is presumed to be at-will. *County of Giles v. Wines*, 262 Va. 68, 72 (2001). The presumption may be rebutted, however, if sufficient evidence is produced to show that the employment is for a definite, rather than an indefinite, term. *Progress Printing Co. v. Nichols*, 244 Va. 337, 340 (1992). Further, where the evidence concerning the terms of a contract of employment is in conflict, the question of whether the employment is at-will or for a definite term becomes one of fact for resolution by a jury. *Miller v. SEVAMP, Inc.*, 234 Va. 462, 465-66 (1987).

Considering the strong presumption that the Plaintiff was an at-will employee, the issue is whether there are sufficient allegations in the Motion for Judgment to rebut the presumption. The only facts alleged to rebut the presumption are those facts concerning the agreement. Therefore, the agreement must be examined to determine if it created an employment for a definite term so as to rebut the presumption.

Paragraph 3(b)(ii) of the agreement is similar to the provision of the Giles County Personnel Policy at issue in *County of Giles*, which provided, in pertinent part: "An employee may be discharged for inefficiency, insubordination, misconduct, or other just cause." The Supreme Court of Virginia found that this language did not state that an employee shall only be discharged for insufficiency, insubordination, misconduct, or other just cause; nor that it states that an employee will not be discharged without just cause. Accordingly, the presumption was not rebutted. 262 Va. at 73.

*County of Giles* is controlling. Paragraph 3(b)(ii) of the agreement in this case does not state that the Plaintiff shall only be discharged "For Cause," nor

does it state that the Plaintiff will not be discharged except "For Cause." Also, paragraph 7(d) which provides that certain restrictions on post employment by the Plaintiff if Dulles terminates the contract without cause is a clear recognition by the parties that the Plaintiff may be terminated without cause, and, therefore, the employment relationship is at-will. I find that the allegations of the Motion for Judgment are not sufficient to rebut the strong presumption of an employment terminable at-will. The Demurrer is, therefore, sustained as to Count I.

My decision on the at-will employment ground of the Demurrer is based on the proposition referred to above in *SEVAMP*. If the question of whether the employment is at-will or for a definite term goes to a jury only if the evidence concerning the terms of the contract of employment is in conflict, then it seems to me that a motion for judgment for breach of an employment contract must at least present some factual allegation (as opposed to a legal conclusion) that the contract is one for a definite term in order to survive a demurrer. The motion for judgment specifically alleges that the written contract provided the terms and conditions for the Plaintiff's continued employment by Dulles. There are no other factual allegations concerning the terms of the contract. As pleaded, the written contract is the sole basis of the employment relationship between the Plaintiff and Dulles. For the reasons stated above, I find that the employment contract dated April 19, 2002, created an employment at-will; and, accordingly, the Demurrer must be sustained as to Count I.

### Defamation Issue

In Count II of the Motion for Judgment the Plaintiff asserts a claim for defamation. The Plaintiff alleges that Dulles verbally accused her of larceny, for allegedly stealing Dulles' computer, a crime of moral turpitude. She further alleges that Dulles, either singularly or in concert with others, made allegations of grand theft to the Loudoun County Sheriff's Office and repeated accusatory statements to various individuals outside Dulles' office that were not involved with any law enforcement investigation. She alleges that the accusations and statements are totally false.

Dulles demurs to Count II (Defamation of Character) on the ground that the Plaintiff has failed to set forth a specific statement spoken by a specific and identified individual to another specific and identified individual and the time and occasion on which the misconduct occurred.

It is clear from *Fuste v. Riverside Healthcare Association Inc.*, 265 Va. 127 (2003), that a pleading alleging defamation must set forth the exact words

spoken *in haec verba*, but that it need not set forth the identity of the individuals to whom the alleged defamatory statements were made and under what circumstances. *See, Federal Land Bank of Baltimore v. Birchfield*, 173 Va. 200, 215-17 (1939).

The Motion for Judgment does not allege the exact words spoken. Therefore, the Demurrer to Count II must be sustained. The details such as the time and place of the alleged communications and the names of the individuals to whom the allegedly defamatory statements were communicated can be obtained by a bill of particulars. *Federal Land Bank of Baltimore*, 173 Va. at 217.

### Order

Let Ms. Inge prepare an order sustaining the Demurrer as provided herein granting the Plaintiff leave to fill an amended motion for judgment on or before October 15, 2003, if she be so advised.