TYSON, Judge.
Tashawn Lamar Southward ("defendant") was found to be guilty of attempted second degree rape and felonious breaking and entering. The convictions were consolidated and defendant was sentenced to a minimum term of 103 months and a maximum term of 133 months. We find no error.
I. Background
The State's evidence tended to show that shortly after 6:00 a.m. on 28 June 2002, the victim was sleeping alone when someone crawled into bed with her. She initially assumed it was her seven-year-old daughter. When she felt a hand attempt to pry apart her legs and an erect penis "on [her] butt," she jumped out of bed. The victim saw a man, whom she identified as defendant, was in herbed. She ordered defendant, who was naked, to leave. Defendant got up and dressed. Defendant retrieved his shoes at the back door, told the victim that he drank some rum located on top of the refrigerator, and departed through that door. She observed that some of the contents of the bottle of rum were missing.
Defendant testified he had been to the victim's house and had engaged in consensual sexual intercourse with her on other occasions. He swore that he did not break or enter her residence that morning, get into bed with her, or attempt to rape her. From judgment entered on the jury's conviction of attempted second degree rape and felonious breaking and entering, defendant appeals.
II. Issue
The sole issue on appeal is whether the trial court erred by failing to instruct the jury on voluntary intoxication to negate defendant's ability to form the specific intent required to commit the offense of attempted rape.
III. Plain Error
Defendant neither requested submission of the instruction nor objected to its omission. We review the alleged instructional mistake under plain error analysis. Plain error is "`fundamental error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done,' or . . . `had a probable impact on the jury's finding that the defendant was guilty.'" State v. Odom, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) (quoting United States v. McCaskill, 676 F.2d 995, 1002 (4th Cir.), cert. denied, 459 U.S. 1018, 74 L. Ed. 2d 513 (1982)).
IV. Conclusion
We conclude the trial court did not commit plain error. An instruction on voluntary intoxication is not required in every case a crime committed after the defendant has consumed an alcoholic beverage. State v. Baldwin, 330 N.C. 446, 462, 412 S.E.2d 31, 41 (1992). The instruction is required only when the defendant produces substantial evidence to support a conclusion that the defendant's intoxication rendered him incapable of forming the specific intent required to commit the offense. State v. Lancaster, 137 N.C. App. 37, 45, 527 S.E.2d 61, 67, disc. rev. denied, 352 N.C. 680, 546 S.E.2d 723 (2000). Defendant failed to show evidence to warrant the jury instruction. We find no error in defendant's judgment.
No error.
Judges WYNN and GEER concur.
Report per Rule 30(e).