# CIRCUIT COURT OF ROANOKE COUNTY

John D. Willey

v.

Roanoke County
and Elmer Hodge

March 21, 2006

Case No. CL02-325

BY JUDGE ROBERT P. DOHERTY, JR.

Plaintiff was employed in various capacities by Roanoke County for approximately 18 years before he was terminated when his job was abolished. He has now filed a breach of contract suit against the County and its Administrator, claiming that the County of Roanoke Employee Handbook constituted an employment contract that the County violated when they discharged him without cause and without following proper termination procedure. The Defendants responded with a Motion for Summary Judgment, arguing that the County of Roanoke Employee Handbook, which became part of Plaintiff's pleading when oyer was granted, was absolute proof that no "defined term" employment contract existed; that Plaintiff was an "at will" employee; and that the County Administrator was not Plaintiff's employer, did not enter into an employment contract with him, and therefore could not have breached one. All of the matters presented for decision are contained in the Plaintiff's Motion for Judgment and its attachment. The Court finds in favor of the Defendants.

The strong presumption in all employment situations in Virginia is that an at-will relationship exists. Either party can terminate such a relationship for any reason. It can be rebutted by proof that an employment contract sets a specific length of time for the term of the employment. An employment contract requiring that an employee not be terminated unless just cause exists

is deemed to be an employment contract for a definite term, the term being until the employee commits an act that amounts to just cause for termination. *County of Giles v. Wines*, 262 Va. 68, 72 (2001).

The Roanoke County Employee Handbook is alleged by Plaintiff to contain the mandatory contractual provisions of his employment. Instead, it contains language denying that an express or implied employment contract exists and affirmatively stating, at least twice, that nothing in the handbook alters the at-will nature of the relationship between the county and its employee. Nowhere in the handbook does it require that an employee can only be terminated for cause. Nowhere in the handbook does it refer to the length of an employee's term of employment. Nowhere in the handbook or in the pleadings does it allege that the County Administrator was Plaintiff's employer.

Plaintiff argues that the language stressing the at-will nature of the employment is rebutted by the provisions of the handbook detailing the County's reduction in force procedures, and by the mandatory language of Va. Code § 15.2-1503(B), Code of Virginia (1950), as amended. Despite that argument, the Court finds that the language of Va. Code § 15.2-1503(B) is permissive and not mandatory. The Court further finds that the County's reduction in force procedures do not rebut the nature of the stated and presumed at-will employment relationship that existed between Plaintiff and his employer. At best, they create a contradiction in the language of the handbook. When such a conflict exists, the presumption of at-will employment controls. *Progress Printing Co. v. Nichols*, 244 Va. 337, 342 (1992).

The Motion for Summary Judgment will be granted.