**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 11-2301**

───────────────

VETA L. ROUNTREE,

               Plaintiff – Appellant,

          v.

CITY OF PORTSMOUTH, a municipality and political
subdivision of the Commonwealth of Virginia,

               Defendant – Appellee,

          and

JANEY CULPEPPER, in her official capacity as Interim
Assessor for the City of Portsmouth, Virginia; MARIA
KATTMANN, in her official capacity as former Assessor City
of Portsmouth, Virginia; ALETHIA C BRYCE, in her official
capacity as former Assessor City of Portsmouth, Virginia,

               Defendants.

───────────────

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk.  Robert G. Doumar, Senior
District Judge. (2:11-cv-00106-RGD-DEM)

───────────────

Submitted:  June 29, 2012            Decided:  July 6, 2012

───────────────

Before MOTZ, SHEDD, and DUNCAN, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

Wayne Marcus Scriven, SCRIVEN LAW OFFICES, Virginia Beach, Virginia, for Appellant. James A. Cales, III, Alan B. Rashkind, FURNISS, DAVIS, RASHKIND & SAUNDERS, P.C., Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Veta L. Rountree appeals the district court's order granting summary judgment to the City of Portsmouth, Virginia ("the City"), in her civil action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C.A. §§ 2000e to 2000e-17 (West 2003 & Supp. 2012), 42 U.S.C. §§ 1981, 1981a, 1983 (2006), the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C.A. §§ 621-34 (West 2008 & Supp. 2012), the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C.A. §§ 2601-54 (West 2009 & Supp. 2012), and Virginia law. On appeal, Rountree challenges the district court's grant of summary judgment to the City on her claims under Title VII and § 1981 for discrimination on the basis of race, claims under Title VII and the FMLA for retaliation, claim under § 1983 for deprivation of a property interest, and claim for breach of contract under Virginia law. Finding no reversible error, we affirm.

We review a district court's grant of summary judgment de novo, drawing reasonable inferences in the light most favorable to the non-moving party. PBM Prods., LLC v. Mead Johnson & Co., 639 F.3d 111, 119 (4th Cir. 2011). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only

3

disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To withstand a motion for summary judgment, the non-moving party must produce competent evidence to reveal the existence of a genuine issue of material fact for trial. See Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002) ("Conclusory or speculative allegations do not suffice, nor does a mere scintilla of evidence in support of [the non-moving party's] case." (internal quotation marks omitted)).

After review of the record and the parties' briefs, we conclude that the district court did not err in granting summary judgment to the City. With respect to her claims for discrimination on the basis of race, Rountree does not directly challenge in her briefs the district court's determinations that she failed to establish that derogatory comments regarding her race and skin shading were pervasive, affected the terms of her employment, or could be imputed to the City, and we reject as wholly without merit Rountree's appellate arguments challenging the court's disposition of these claims. We also reject as wholly unsupported by the evidence of record Rountree's appellate challenge to the district court's disposition of her claim under Title VII for retaliation. Rountree's claim under

4

the FMLA for retaliation fails because she does not offer any evidence from which a factfinder could conclude that there was a connection between any FMLA-authorized leave she may have taken and the termination of her employment or any harassment she experienced at work. See Yashenko v. Harrah's NC Casino Co., LLC, 446 F.3d 541, 550-51 (4th Cir. 2006) (listing the elements of a prima facie case under the FMLA for retaliation).

We further reject as meritless Rountree's appellate challenge to the district court's disposition of her § 1983 claim. Her challenge is unsupported by the evidence of record, and she fails to present an appellate argument that she was unconstitutionally deprived of any property interest in this case. Rountree's claim for breach of contract fails because no evidence of record rebuts the presumption under Virginia law that her employment relationship with the City was at-will. Cnty. of Giles v. Wines, 546 S.E.2d 721, 723 (Va. 2001). Finally, we reject as wholly without merit Rountree's remaining extraneous arguments for overturning the district court's judgment.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED