COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Frank and Powell
Argued at Chesapeake, Virginia


TRANSIT MANAGEMENT COMPANY AND
  TRANSPORTATION DISTRICT COMMISSION
  OF HAMPTON ROADS

                                                    MEMORANDUM OPINION[*] BY
v.       Record No. 0463-09-1                       JUDGE ROBERT P. FRANK
                                                      SEPTEMBER 29, 2009

CYNTHIA MATTHEWS WILLIAMS


                    FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              Robert L. Samuel, Jr. (Williams Mullen, on brief), for appellants.

              No brief or argument for appellee.


       Transit Management Company (employer) and Transportation District Commission of

Hampton Roads (self-insurer), appellants, appeal the decision of the Workers' Compensation

Commission (commission), finding insufficient proof of constructive fraud.  The commission

reinstated a prior award of temporary total disability compensation to Cynthia M. Williams

(claimant), appellee.  Appellants contend the commission erred in finding the evidence failed to

support the deputy commissioner's determination that a February 21, 2007 award of

compensation should be terminated on the basis of fraud or mistake.  For the reasons stated, we

affirm.

_____

       [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

"On appeal, we view the evidence in the light most favorable to the prevailing party before the commission." Central Va. Obstetrics & Gynecology Assocs., P.C. v. Whitfield, 42 Va. App. 264, 269, 590 S.E.2d 631, 634 (2004). So viewed, the evidence was as follows.

On December 27, 2000, claimant suffered a compensable injury to her right knee. She was awarded medical benefits and compensation for various periods of temporary total disability ending November 19, 2003. Claimant filed a claim for benefits on November 18, 2005, alleging a change of condition.

On April 3, 2006, Deputy Commissioner Lahne presided over a hearing pursuant to claimant's claim for an award of total temporary disability from October 12, 2005 and continuing. Employer contended that any disability caused by the work injury was not the cause of claimant's current inability to work and that claimant voluntarily resigned from her employer-provided light-duty employment in April 2004. Claimant testified that she had been released to work. The deputy commissioner ruled that claimant had not fully marketed her residual capacity and denied her claim for benefits. Claimant requested a review by the full commission. On February 21, 2007, the commission issued an opinion finding that claimant had sufficiently and adequately marketed her residual capacity and awarding claimant compensation for temporary total disability dating from October 12, 2005.

On July 16, 2007, appellants applied for a hearing to terminate the commission's February 21, 2007 award of compensation to claimant. The basis for appellants' application was that medical records reflected that claimant had been totally disabled since March 5, 2004 as a result of a condition unrelated to her December 27, 2000 work injury to her right knee. Appellants later amended their application to allege claimant's unjustified refusal of selective employment and constructive fraud.

Deputy Commissioner Lahne conducted a hearing on March 12, 2008. At that hearing, claimant testified she had been totally disabled since March 2005. On May 2, 2008, the deputy commissioner issued an opinion concluding that during a hearing before the commission on April 3, 2006, claimant either intentionally misled or negligently misrepresented that she had been released by Dr. Arthur Wardell to return to work, when in fact Dr. Wardell had not released claimant and considered her to be fully disabled due to an unrelated lower back condition. The deputy commissioner terminated the commission's February 1, 2007 award as void *ab initio*.

On May 22, 2008, claimant requested a review of the deputy commissioner's decision. The commission issued its opinion on February 12, 2009. The commission reversed the deputy commissioner and reinstated the payment of wage loss benefits to claimant. The commission ruled that claimant did not commit constructive fraud, stating:

> At the previous hearing, the employer defended on the ground that the claimant could not have marketed because she was totally disabled as a result of her back condition and that Dr. Wardell had not released her to work. The claimant has consistently supplied information about her treatment with Dr. Wardell for her non-work-related conditions and did not conceal this treatment. Moreover, the record reflects that the employer subpoenaed Dr. Wardell's records prior to the earlier hearing, which refer to the Social Services form.

> Additionally, the claimant testified to her belief that Dr. Wardell had released her to some work. This belief correlated to the Social Services form, which is more confusing than informative. Dr. Wardell marked that the claimant was unable to work, yet simultaneously advised that he did not recommend that she quit her job or apply for disability benefits. To the contrary, Dr. Wardell stated that the claimant could drive, climb steps, type, handle small objects, lift less than five pounds, and sit or stand for one hour at a time. These restrictions mirror those issued by the Sports Medicine and Orthopaedic Center, Inc. that treated the claimant's work-related knee injury. Additionally, none of her restrictions was inconsistent with the receptionist jobs which the claimant was seeking, and that the Commission previously found to constitute adequate marketing.

The Deputy Commissioner acknowledged in his first decision that the record did not contain a statement from Dr. Wardell that the claimant was able to work or could not work. Given all of these facts, we are hard-pressed to find that the ambiguous Social Services form and its relationship to the first proceeding is proof of fraud to render the previous award void *ab initio*.

This appeal follows.

STANDARD OF REVIEW

Our standard of review in this case is well settled. On appeal from a decision of the Workers' Compensation Commission, "we view the evidence in the light most favorable to the party prevailing below" and grant that party the benefit of all reasonable inferences. Tomes v. James City (County of) Fire, 39 Va. App. 424, 429-30, 573 S.E.2d 312, 315 (2002); see also Grayson (County of) Sch. Bd. v. Cornett, 39 Va. App. 279, 281, 572 S.E.2d 505, 506 (2002).

"By statute, the commission's factual findings are conclusive and binding on this Court when those findings are based on credible evidence." City of Waynesboro v. Griffin, 51 Va. App. 308, 312, 657 S.E.2d 782, 784 (2008) (citing K & K Repairs & Const. v. Endicott, 47 Va. App. 1, 6, 622 S.E.2d 227, 230 (2005) (citing Code § 65.2-706)). "An allegation of fraud . . . presents an issue of fact, not a question of law." Stockbridge v. Gemini Air Cargo, Inc., 269 Va. 609, 617, 611 S.E.2d 600, 604 (2005).

Furthermore, the existence of "contrary evidence . . . in the record is of no consequence if credible evidence supports the commission's finding." Manassas Ice & Fuel Co. v. Farrar, 13 Va. App. 227, 229, 409 S.E.2d 824, 826 (1991). We are instead "bound by these findings of fact as long as 'there was credible evidence presented such that a reasonable mind *could* conclude that the fact in issue was proved.'" Perry v. Delisle, 46 Va. App. 57, 67, 615 S.E.2d 494, 497 (2005) (quoting Westmoreland Coal Co. v. Campbell, 7 Va. App. 217, 222, 372 S.E.2d 411, 415 (1988)) (emphasis in original). We defer on appeal to the assessment of the "probative weight" of the proffered evidence, and we recognize that the commission "is free to adopt that view

- 4 -

'which is most consistent with reason and justice.'" Georgia-Pac. Corp. v. Robinson, 32

Va. App. 1, 5, 526 S.E.2d 267, 269 (2000) (quoting C.D.S. Const. Servs. v. Petrock, 218 Va.

1064, 1070, 243 S.E.2d 236, 240 (1978)).

Finally, we note that if the deputy commissioner's credibility determination is based not

on the appearance and demeanor of the witness, but on the substance of the testimony, then such

a finding is as determinable by the full commission as by the deputy. Goodyear Tire & Rubber

Co. v. Pierce, 5 Va. App. 374, 383, 363 S.E.2d 433, 438 (1987); see also Code § 65.2-705.

## ANALYSIS

In this case, in making its ruling to reinstate benefits to claimant, the commission referred

to the Social Services form, in which Dr. Wardell indicated that claimant was unable to work, yet

at the same time advised claimant not to quit her job nor apply for disability benefits. The

commission found that these remarks contradict each other at worst and are ambiguous at best.

Dr. Wardell also imposed a number of restrictions on claimant. According to the commission,

these restrictions are not inconsistent with the jobs for which claimant had applied, and which the

commission had previously found to constitute adequate marketing of claimant's residual

capacity.

The commission also noted that employer subpoenaed Dr. Wardell's records prior to the

April 3, 2006 hearing and that the records referred to the relevant Social Services form. In fact,

at that hearing, employer used claimant's total disability from her back injury as its basis to

argue that she had not adequately marketed her residual capacity. Employer was aware at that

time that Dr. Wardell had not released claimant to return to work.

Moreover, claimant's own testimony provided notice to appellants that Dr. Wardell had

given her conflicting information. On April 3, 2006, claimant testified that Dr. Wardell released

her to go back to work sometime after April 12, 2004. Claimant could not recall if she received

this information verbally or in writing. She also testified that Dr. Wardell had on different occasions told her she was totally disabled from being able to work because of her back injury. The deputy commissioner had testimony before him on April 3, 2006 both that claimant was released to go back to work and that she was totally disabled. While claimant testified on April 3, 2006 that she'd been released to work, the ambiguities in Dr. Wardell's letter belie appellants' contention that claimant misrepresented the facts. Furthermore, both appellants and the deputy commissioner had access to Dr. Wardell's report at the time of the April 2006 hearing. We agree with the commission that claimant made no attempt to mislead the deputy commissioner.

"The elements of a cause of action for constructive fraud are 'a showing by clear and convincing evidence that a false representation of a material fact was made innocently or negligently, and the injured party was damaged as a result of his reliance upon the misrepresentation.'" Lumbermen's Underwriting Alliance v. Dave's Cabinet, Inc., 258 Va. 377, 381, 520 S.E.2d 362, 365 (1999) (quoting Mortarino v. Consultant Eng'g Servs., 251 Va. 289, 295, 467 S.E.2d 778, 782 (1996)). Here, claimant did not withhold information, nor did she misrepresent the facts. There is insufficient evidence that claimant made a false representation or intentionally misled either appellants or the commission. Further, there is no evidence claimant knew, or should have known, of the requirement that she be able to work in order to receive disability benefits. Finally, Dr. Wardell's notes were available to the parties and the deputy commissioner at the time of the hearing on April 3, 2006. Appellants had the same information that claimant had, and they did not detrimentally rely on a misrepresentation or omission. We conclude there was credible evidence to support the commission's finding that claimant committed no constructive fraud.

We find the commission did not err in reversing the deputy commissioner and reinstating the February 21, 2007 award. The commission did not arbitrarily ignore the findings of the

deputy commissioner, but rather resolved the issues in favor of claimant. We therefore affirm the decision of the commission.

Affirmed.